## HALL v. CHENAULT.

1. One to whom money is paid by mistake, may, when suit is brought to recover it back, offset any claim he has against the person so paying it.

2. An administrator, who has made a final settlement, and who has been charged with the amount of a note due his intestate, may, when sued by the maker of the note, offset the amount due upon it.

Writ of Error to the Circuit Court of St. Clair. Before the Hon. G. D. Shortridge.

THIS was an appeal from a justice of the peace to the circuit court; and the amount being under $20, was tried by the court, without a jury. A bill of exceptions was taken to the judgment of the court, which brings to view the evidence, and on which the circuit court rendered judgment in favor of the defendant in error for $10.

Hall v. Chenault.

The evidence was, the defendant in error, supposing that the plaintiff was the purchaser of his land at sheriff sale, tendered him the money, say $30, and counted it out, with the view to redeem it. The plaintiff in error took $13 of it, and told the defendant he would retain this in payment of a note held by the plaintiff in error, against the defendant in error, but stated to him, that he was not the purchaser of his land, informed him who was; the defendant redeemed the land from the purchaser, and sued the defendant to recover back the $13 retained by the plaintiff. The plaintiff in error then proved, that Robert Johnson, and the defendant in error, executed to him, as the administrator of Henry Hall, deceased, a note for $56 37, dated 2d January, 1844, and due at twelve months from date; on which note was a credit of $45 35. That the note was given on the purchase of property belonging to said Henry Hall, deceased. The defendant was the surety of Johnson on the note. It was further shown, that the plaintiff in error had come to a final settlement with the orphans' court of St. Clair county, as the administrator of said Henry Hall, deceased, and in such settlement, had been charged by the final decree of the court, with the entire amount of the note, and that ever since the plaintiff in error has held the note as his own, in his individual capacity. The plaintiff also proved, that the defendant in error owed him $2 on another transaction, and $81 by way of costs.

This was all the evidence, and the judgment being for the defendant in error, it is here assigned for error, that the court erred in rendering judgment for the defendant.

RICE, for the plaintiff in error.

MORGAN, contra.

1. The statute cited by the plaintiff's counsel does not alter the common law right of a party to a suit refusing to become a witness; and it matters not that no law exists authorizing discoveries in suits before justices of the peace—there being no such law cannot affect the rights of parties. Dig. 314, § 10.

2. The *statute allowing judges of superior courts to try* appeals without the intervention of a jury, where the amount is under $20, does not deprive the plaintiff, in such a case, of the right to insist upon notice of a set-off relied upon by the defendant. In this case there were no pleadings, and no notice. Dig. 314, § 10.

3. Was the note offered in evidence, a legal set-off to plaintiff's demand?

DARGAN, J.—It is very clear, that the circuit court erred in rendering judgment for the plaintiff below. In the trial of appeals, under $20, there are no pleadings made up, and all the evidence offered, is to be considered as offered under a proper state of pleadings ; and if sufficient, under any state of correct pleadings, to defeat the plaintiff's action, the court should not render judgment for the plaintiff. The residue due on the note from Johnson and the defendant in error to the plaintiff, was clearly a good off-set. It was given, it is true, to the plaintiff in error, as the administrator of Henry Hall, deceased ; and this court has decided, that if a note is given to an administrator, on the sale of the property of his intestate, and he is afterwards removed from office as administrator, and another person is appointed administrator *de bonis non*, that the administrator in chief cannot sue on this note. See Denham v. Grant, decided at the last term.

But in this case, the administrator had come to a final settlement with the orphans' court, and had been charged with the full amount of this note by the decree, and he afterwards retained it as his own property. Under such circumstances, he could maintain a suit on it, and it was a good set-off. Saying nothing about the $81 cost, the amount of this note, added to the $2, would have amounted to more than the plaintiff's demand, and therefore the court erred in rendering judgment for the plaintiff, in the court below.

Let the judgment be reversed, and the cause remanded.

CHILTON, J., not sitting.