ISAAC WALKER, *et al.*, Appellants, *v.* JOSEPH ELLIS, Appellee.

### APPEAL FROM PEORIA.

Where there is a tenancy for a period of more than one year, no notice to the tenant is required, in order to entitle the landlord to possession, upon the expiration of the first term.

If a minor contracts to sell real estate, the contract cannot be enforced, if he refuses after his majority to sanction it.

This was an action of forcible detainer, originally commenced before a justice of the peace, of Peoria county, and afterwards brought into the Circuit Court of said county, by appeal; and a trial was had at the September term of said Court, A. D., 1850; which trial resulted in a verdict and judgment against said plaintiffs in error, who were defendants below, for the possession of the property described in the petition.

The petition stated in substance, that on the 8th day of July,

Walker *et al. v.* Ellis.

1845, Ellis leased to A. Van Eps, all that certain piece or parcel of land, lying on Main street, two lots above Mr. Pettingill's new brick building on Main street, being twenty feet front, running back seventy-two feet from front to back part of said lot, for three years, commencing June 1st, 1845, and ending June 1st, 1848, for the consideration or rent of $15 per year; which lot is more particularly described as follows, (setting it out by metes and bounds,) and on which is a tinner's shop. ·

That about 19th September, 1846, Van Eps died, and James Taylor was appointed administrator, &c.; and afterwards, and before said term expired, said Taylor, as administrator, assigned, sold, and transferred said lease and term to plaintiffs in error; and the plaintiffs in error, on the 14th of December, 1846, entered upon said premises, and held and occupied, have held and occupied, the same; and from thence, hitherto, have held and occupied the same as the tenants of defendant in error, and have acknowledged him as their landlord, and as such, have paid him rent. That on the 1st day of December, 1848, defendant in error demanded possession of said premises of plaintiffs in error, and notified them to quit, and deliver possession of said premises to defendant in error; which they refused, and still hold possession against the will of defendant in error; and charges forcible detainer, &c.

At September term, 1850, plaintiffs in error moved the Circuit Court to dismiss said petition and suit, on the ground of the insufficiency of the petition; which motion was overruled. At said September term, 1850, said cause was tried before Kellogg, Judge, and a jury. Verdict and judgment for plaintiff. Evidence was, in substance, on the part of the defendant in error, as follows:

Said defendant in error read in evidence a contract, in the words and figures following, to wit: "Peoria, Illinois, July 8, 1845. Articles of agreement, entered into this eighth day of July, 1845, between A. Van Eps on the first part, and J. Ellis, the second part, all of the town of Peoria. The said Ellis lets to A. Van Eps, a certain piece of ground, lying on Main street, two lots above Mr. Pettingill's new brick building, being twenty feet front to back part of lot, for the term of three years, commencing on the first day of June, A. D., 1845, and ending on the same date, 1848; for the consideration of $15 per year, with

the taxes to be paid. Also, A. Van Eps has the privilege of buying said lot within one year, at the price of four hundred dollars, on trial from one to two years. The walk is to be brick, by J. Ellis. Signed, A. Van Eps, Joseph Ellis."

On the back of which, was the assignment of James Taylor, as administrator and guardian of the heirs of A. Van Eps, deceased, to plaintiffs in error, of all the right, title, and interest of the said Van Eps, deceased, to said contract and lot, dated December 9th, 1846.

William Ellis also testified, on the part of the defendant in error, that he was brother of defendant in error; that Van Eps died in September, 1846; that plaintiffs in error went into possession of property in fall of 1846 or winter following, and have continued in possession thereof ever since; that the residence of defendant in error then, was Peoria. That soon after the date of said contract, he went to Indiana, and did not return 'till June, 1848. Van Eps called on witness in summer of 1846, and enquired where defendant in error was; and said he wished to make first payment on the purchase of the lot; that he had the gold, and wished witness to receive it for defendant in error: that Van Eps frequently made the same request. Witness declined receiving the money, not being authorized to act for him. Van Eps then desired to know where the defendant in error was, as he wished to write to him; but witness could not tell him. After Van Eps' death, about November, 1846, Taylor paid witness, for defendant in error, $15, as the amount due him on said agreement. Witness supposed plaintiffs in error went into possession under an assignment of said contract. Defendant was under age at time contract was made. He was born in 1825. That part of the time defendant in error was gone, from 1845 to June, 1848, his family did not know where he was.

On the part of plaintiffs in error, James Taylor testified, that he was guardian of the heirs and administrator of the estate of Van Eps; that he was called by Ellis and Van Eps, in September, 1845, to witness their contract; at which time, at their request, he signed his name as witness to the contract. Van Eps then agreed, at the earnest request of said defendant in error, to buy said property on the terms in said contract, and told defendant in error the money would be ready as it became due. This was agreed to by both. Van Eps was not to pay interest, but

was to pay $15 per year till last payment would become due. The lot was then vacant. Van Eps built a house on it, and when witness assigned the contract to plaintiffs in error, he sold also the house, tools, &c., and all rights under the contract, whatever they were; and at the same time, witness told plaintiffs in error that Van Eps had elected to buy the lot under the contract, and it was agreed to by the defendant in error; and that the plaintiffs in error went into possession of said property, under said purchase from witness. That witness did recollect telling Mr. Ellis [the first witness] that he should not complete said contract of purchase; but did not recollect telling him, that he had been told by the probate justice that he could not as administrator fulfill said contract, and did not know that he had the power to do so, but never intimated that he had not the means to do so. That after Van Eps' death, he found $100 in gold, in a package marked J. Ellis, among Van Eps' effects.

That soon after defendant in error returned in 1848, plaintiffs in error tendered to defendant in error the amount due for the purchase of the lot and interest; which he refused to accept, alleging he was a minor when contract was made. A previous tender of $100 was made and refused. Witness then asked him, if he was not of age when contract was witnessed by witness? and he said he was: he afterwards said, he was then mistaken as to his age. This was at last tender.

H. O. MERRIMAN, for Appellants.

The lease took effect June 1, 1845, for three years, reserving annual rent; and the demand of possession was [not] made till December 1, 1848; and the petition, dated December 2, 1848, alleges, that "Defendants have hitherto occupied, &c.," as tenants of Ellis. This is an allegation of tenancy or lawful occupancy, after June 1, 1848, and created a new tenancy for a year from that date: and the petition should have been dismissed.

The proof showed that appellants occupied the premises for the time stated in the petition, by the acquiescence of the appellee; thereby creating such new tenancy: and the Court erred in refusing to give the instruction asked for by appellee. 4 Kent Com., p. 111, 112, 113, 114, 116; Jackson *v.* Salmon, 4 Wend., 327; Weller *v.* Shearman, 3 Hill, 549; Sherwood *v.* Philips, 13

32

Walker *et al. v.* Ellis.

Wend., 479; 6 B. & C. p. 125, in 13 Eng. Com. L. R., 118; Mashire *v.* Reding, 3 Fairfield, 478; Coffin *v.* Lunt, 2 Pick., 70; Conway *v.* Starkeweather, 1 Denio, 113.

Appellants claimed under contract of purchase, and the relation of landlord and tenant did not exist; and a new trial should have been granted. Whitaker *v.* Gautier, 3 Gil., 443.

Such holding over is not willful. Hall *v.* Balantine, 7 J. B., 536, and cases there cited; R. L., p. 256, sec. 1.

E. N. POWELL, for Appellee.

The complaint is sufficient. It clearly shows, that the premises in question were demised by the appellee to Van Eps, for three years; and that appellants came into possession under the administrator of Van Eps, and as the tenant of Ellis, and paid him rent. It also shows that the tenancy had expired, and that demand had been made in writing for the possession; and that the appellants persisted in holding over.

This is all that can be required. It does not require the same strictness as might be required, were it a proceeding originally brought in the Circuit Court. See Ballance *v.* Fortier, 3 Gilman, 291; Smith *v.* Kellick *et al.,* 5 Gilman, 293.

It is well settled that, in trials by jury, the weight of testimony is a question to be decided by the jury exclusively, and their decision cannot be assigned for error. And in order to warrant a new trial, it must be *flagrant* to justify a Court in disturbing the verdict. Johnson *v.* Moulton, 1 Scam., 532; Eldridge *v.* Huntington, 2 *ibid,* 538; Webster *v.* Vickers, 2 *ibid,* 296; Harmon *v.* Thornton, 2 *ibid,* 354; Lowry *v.* Orr, 1 Gil., 70, and authorities cited in the argument.

If a tenant for a year hold over by consent, he then becomes tenant from year to year, (4 Kent, 112,) and becomes entitled to notice to quit. But a tenancy from year to year, cannot be created out of a tenancy for a certain and definite number of years. 4 Kent, 112, 113, 114, 115, 116 and 117; Rowan *v.* Lytle, 11 Wend., 616; McKay *et al. v.* Mumford, 10 Wend., 351.

CATON, J. The complaint in this case was abundantly sufficient.

On the trial, the plaintiff below introduced and proved a lease

of the premises in question to Van Eps, for three years from the first of June, 1845, in consideration of fifteen dollars per year. The lease concludes with the following provision: "Also, A. Van Eps has the privilege of buying said lot within one year, at the price of four hundred dollars, on time from one to two years." The evidence shows that Ellis, soon after the execution of the lease, left the state, and was absent until about the time of the expiration of the term; and that his friends did not know where he was. During the summer of 1846, Van Eps called on a brother of Ellis, and inquired where he was, and said he wished to make a payment of one hundred dollars on the purchase of the lot, and wished the brother to take it; who, however, declined to receive the money, because he had no authority to do so. During the fall of 1846, Van Eps died, and Taylor was appointed administrator of his estate, and guardian to his children, who were all infants. In the fall or winter of 1846, Taylor, as such administrator and guardian, assigned the agreement to Walker & Lightner, who soon after took possession of the premises, which they held till the commencement of this suit. In the summer of 1848, and soon after Ellis returned to Peoria, the defendants tendered to him some gold, which they said was the full amount due for the purchase of the lot; which Ellis refused to accept, alleging that he was a minor at the time the agreement was executed. The evidence shows, that he was about twenty years of age at that time. A demand in writing, for delivery of the possession of the premises, as is required by the statute, was made on the first of December, 1848, and on the same day this suit was commenced. The jury found a verdict for the plaintiff, which the Court refused to set aside; and, we think, properly. No tenancy from year to year had existed in this case, which by the rule of the common law would entitle the tenant to a half-year's notice to terminate the tenancy.. Here was a tenancy for a determinate period of more than one year; and no notice was required previous to the termination of that lease, in order to entitle the landlord to the possession of the premises upon the expiration of the first term. Had the tenants, after that time, continued in possession for another year, with the consent and approbation of the landlord, then a tenancy from year to year might be presumed; and which, according to the rule as held in England and many of the United States,

would continue from year to year, until one party should notify the other, six months previous to the end of the year, of an intention to determine it. This doctrine of notice has no application whatever to this case. Had there been evidence showing that the landlord had acquiesced in the holding over of the tenants, then the jury might have inferred a new lease, for a longer or shorter term, not exceeding one year, according to the nature of the evidence; and until the end of that term, this action could not be maintained. But there was no such evidence, and the jury have found no such new tenancy.

The only remaining question is, whether the appellants were entitled to hold as purchasers in possession, under the clause in the lease providing for the sale of the premises. It is clear that Van Eps took possession as tenant under the lease, and not as purchaser; and as the evidence stands in this record, it makes no difference whether he subsequently determined to purchase the premises or not, under the clause professing to give him that right, or whether he did such acts in performance as would entitle him to the benefit of it. At the time of the execution of that agreement to sell, if as such it may be considered, the plaintiff was yet a minor; and this record fails to show a single act done by him, after he attained his majority, which can be construed into an affirmance of the agreement. As before remarked, immediately after he executed the lease, he left the country, and did not return until about the time, or after the term thereby created had expired; and when the defendants, soon after, offered to go on and complete the purchase, he repudiated the agreement to sell, upon the ground that it was not binding upon him, for the reason that he was not of age when he made it. This, of itself, is a sufficient answer to the claim of the defendants to hold the premises as purchasers, laying aside all question of the authority of Taylor to sell and assign to them the agreement.

The judgment of the Circuit Court must be affirmed, with costs.

*Judgment affirmed.*