WHITE vs. WORD, ADM'R.

1. When the declaration sets out a note payable "one day after *date*," and the note offered in evidence is payable "one day after," the word "*date*" being omitted, the variance is immaterial, and the omission will be supplied by intendment.

2. In an action against a defendant in his own right, he cannot set off a debt due to him as administrator or guardian, unless he has been charged with the debt on final settlement had in the Court of Probate before the issue of the writ.

ERROR to the Circuit Court of Limestone.

Tried before the Hon. THOMAS A. WALKER.

DEBT by the defendant in error, as the administrator of

James Word, against White, as the maker of two promissory notes, each payable to John Taylor, and assigned by him to the intestate in his lifetime; both assignments bearing date May 13, 1853. The first note is for the payment of $41 $\frac{56}{100}$ on the 2d day of January, 1842; the other is in these words:

" 20 27.—One day after I promise to pay John Taylor twenty dollars and twenty-seven cents, value rec'd. January 1, 1843.            (Signed)            SAMUEL D. WHITE."

The defendant pleaded, *nil debet*, set-off and payment. On the trial, the plaintiff offered to read in evidence to the jury the note above copied, to which the defendant objected; but his objection was overruled, and he excepted. The defendant then proved, and offered in evidence under his plea of set off, the two following notes:

" $60.—On or before the first day of January next, we, or either of us, promise to pay Samuel D. White, administrator of the estate of W. H. White, deceased, sixty dollars, for the hire of a negro girl Malinda. Witness our hands and seals, this January 2, 1840.

    (Signed)                          " JOHN TAYLOR, [Seal.]
                           " JAMES WORD, [Seal.]"

" $55.—On or before the first day of January, one thousand eight hundred and forty-three, I promise to pay Samuel D. White, guardian of George White, fifty-five dollars, for the hire of a negro girl named Malinda. Given under my hand and seal, this 1st January, 1842.

    (Signed)                          " JOHN TAYLOR, [Seal.]"

The defendant then proved that he had had a final settlement in the Court of Probate, both of his administration on the estate of W. H. White, and his guardianship of George White; and that on these settlements he had been charged with all the negro hires; and then again offered to read said notes; but the court refused to allow it, and the defendant excepted.

The said settlements in the Court of Probate were had in August, 1852; and the writ in this case was issued February 19, 1849.

The errors assigned are:

1. Allowing the plaintiff to read in evidence to the jury the note objected to;

2. The refusal to allow the notes offered by the defendant under his plea of set off, to go to the jury when first offered;

3. The refusal to allow said notes to go to the jury, when offered the second time by defendant.

ROBINSON & JONES, for plaintiff in error;

1. The defendant may plead, as an off-set, any money demand upon which he may maintain a suit in his own name. 6 Ala. 343; 1 ib. 93.

2. White might have sued on these notes in his own name. 6 Ala. 401; 16 ib. 142; 19 ib. 244.

3. The terms "guardian" and "administrator" are but a *descriptio personæ*, and do not indicate the right in which the party sues, or the character in which the payee receives the note. 19 Ala. 244; 16 ib. 142.

4. To indicate the right in which the plaintiff sues, or the character of the payee, the word "as" must precede these terms. 1 Chitty's Pleading 233, 234.

5. There was error in admitting the note offered by plaintiff which was objected to. The legal effect of the note offered in evidence was essentially different from that described in the declaration.

ROBERT C. BRICKELL and LUKE PRYOR, *contra:*

1. The objection to the note offered in evidence by the plaintiff was properly overruled. The legal effect of the note is, a promise to pay "one day after *date.*"

2. The notes offered in evidence by the defendant below, under his plea of set-off, were properly rejected. They are not due the defendant in his own right, but as guardian and administrator: they are not mutual debts. 19 Ala. 301; 18 ib. 316; 13 ib. 710; 12 ib. 105.

3. The final settlements of the defendant with the Court of Probate were had in August, 1852, three years after the institution of this suit. To be the subject of a set-off, a debt must be a valid and subsisting demand at the commencement of the suit. Cox v. Cooper, 3 Ala. 256; Harbin v. Levi, 6 ib. 399; Johnson & Wife v. King, 20 ib. 270.

LIGON, J.—The first point arising out of the assignment

of errors relates to the action of the court, in overruling the defendant's motion to exclude from the jury the note for $20 $\frac{27}{100}$, which the plaintiff in the court below proposed to read under his declaration. This objection is founded upon a supposed material variance between the note set out in the declaration, and the one proposed to be read, in this: the declaration, in one count, sets out a note for the sum of $20 $\frac{27}{100}$, payable "one day after *date*," and the note produced and read to the jury is for the sum of $20 $\frac{27}{100}$, payable "one day after," the word "date" being omitted. This variance is altogether too immaterial to be regarded. The court will supply the word "date," and intend that the note was payable one day after its date.

The remaining assignments of error have been already passed upon by this court, in cases which have arisen heretofore, and we are content to follow the ruling in those cases.

In Thomas v. Hopper, 5 Ala. Rep. 442, it was held, that, in an action against a defendant in his own right, he cannot offset a debt due to him as administrator. In the case under consideration, White is sued for his individual debt, and he proposes to offset the plaintiff's demand with two notes, the one due him as administrator, and the other as guardian. This is clearly not allowable. See, also, Harbin v. Levi, 6 Ala. Rep. 399.

But it is contended, however, that, if, under ordinary circumstances, he would not be allowed to use these notes as offsets, yet the rule is different where it is shown that he has settled up the estates of his intestate and ward, and on such settlement has been charged with these notes; that in such case they become his individual property, and are sets-off in his hands.

When such settlements take place before the issue of the writ in the action in which the set-off is pleaded, this is true, as has already been decided by this court in the case of Hall v. Chenault, 13 Ala. Rep. 710. But, we apprehend, the plaintiff in error has not brought himself within the rule laid down in that case. The writ here appears to have been issued on the 19th of February, 1849, and the set off, under which the plaintiff in error claims the absolute ownership of these notes, did not take place until August, 1852. The

suit against him had been pending more than two years, before he became entitled in his own right to the proceeds of either of the notes proposed as sets-off; for, until a final settlement of his guardianship and administration, the money arising from them would have been the assets of his ward, or of the estate of his intestate. There is nothing, then, to prevent him from the operation of the rule, which requires that a set-off, to be available, must be owned by the defendant and due when the writ issues in the suit against him. Harbin v. Levi, *supra ;* Cox v. Cooper, 3 Ala. Rep. 256.

It results from what has been said, that there is no error in the record, and the judgment must be affirmed.