# Rather *v.* Young's Adm'rs *et al.*

### *Bill in Equity to enforce Vendor's Lien on Land.*

1. *Vendor's lien, and who may assert.*—An executor, or administrator, having sold lands under a probate decree, and charged himself, on final settlement, with the unpaid purchase-money, may enforce the vendor's lien on the land in his own name.

2. *Chancellor's decree on evidence; how considered on appeal.*—Where the evidence in chancery causes is taken *viva voce*, the chancellor's finding on the facts is regarded like the verdict of a jury at law, and is not disturbed by an appellate court, unless manifestly contrary to the weight of the evidence; but with us, all the evidence being reduced to writing, this practice does not prevail, though the rule has been broadly announced in some of the decisions: the true rule is, the decree is presumed to be correct, and the *onus* of repelling that presumption is on the party complaining of it; in other words, the general rule prevails, applicable to all cases in the appellate court, that error must be affirmatively shown.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. H. C. SPEAKE.

The original bill in this case was filed on the 31st December, 1866, by John W. Rather, against Isaac E. Young, John

D. Inman, and Benjamin F. Little; and sought to enforce a
vendor's lien on a certain tract of land, which had been sold
by the complainant, as the administrator of his deceased
father, William B. Rather, under a decree of the Probate
Court of said county, on the 8th day of February, 1858, and
purchased at the sale by said Isaac E. Young, who after-
wards sold and conveyed to said Inman and Little. The
bill alleged, that the purchase-money had never been paid;
that the sale was duly reported to said Probate Court, and
was by said court confirmed, and the administrator was or-
dered to make a deed to the purchaser when the purchase-
money was paid; that the administrator had made a final
settlement of his accounts with said Probate Court, and had
charged himself with the unpaid purchase-money; that
Young had taken possession of the land under his purchase,
and that Inman and Little were in possession of it when the
bill was filed.

An answer was filed by Young, admitting his purchase of
the land as alleged in the bill, and averring that he had paid
the purchase-money in full; and he asked that his answer
might be held and considered as a cross-bill, that the con-
tract might be specifically enforced, and that complainant
might be required to make him a deed for the land. A
joint answer was filed by Inman and Little, adopting the
answer of Young as their own. At the April term, 1871, the
death of Isaac E. Young was suggested, and the cause was
revived against his personal representatives; and at the
April term, 1874, leave was granted to the complainant to
*amend* his bill, by making the widow and heirs of said
Young parties; but the record does not show that this was
ever done, nor does it show that the cross-bill was ever re-
vived. There were numerous objections and exceptions to
evidence, which require no special notice.

On final hearing, on pleadings and proof, the chancellor
held that the evidence established the payment of the note
given by Young for the purchase-money of the land; and he
therefore dismissed the original bill, and rendered a decree
under the cross-bill, in favor of the heirs of said Young, re-
quiring the complainant to execute to them a deed to the
land, conveying all the interest vested in him as adminis-
trator of William B. Rather. From this decree the com-
plainant appeals, and he here assigns it as error, together
with the overruling of his several objections to evidence.

J. B. MOORE, for appellant.—The right of the complainant
to maintain this bill is settled by numerous decisions of this
court.—*Hall v. Chenault*, 13 Ala. 710; *Tomkies v. Reynolds,*

17 Ala. 109 ; *White v. Word,* 22 Ala. 442 ; *Waldrop v. Pearson,* 42 Ala. 636 ; *White v. Stoner,* 10 Ala. 443. The only question, then, is as to the payment of the purchase-money; and on this question, the sale being admitted, the *onus* was on the defendants. The only evidence adduced, in proof of payment, is the purchaser's note, signed and written by himself, dated the 1st January, 1859, and falling due the same day ; while the sale was made in February, 1858, and there is no proof whatever that the note was ever in the possession of the complainant. An examination of the evidence, tested by legal rules, will show that it entirely fails to establish payment.—2 Greenl. Ev. §§ 516, 518, 527 ; *Brandon v. Cabiness,* 10 Ala. 155 ; *Jarrell v. Lillie,* 40 Ala. 273 ; 15 Ala. 471.

Wm. COOPER, *contra.* (No brief on file.)

BRICKELL, C. J.—That "one cannot make another his debtor, without his consent," is a mere truism ; and from it result the several decisions of this court, to which we are referred, that money paid in satisfaction of the debt of another, without his request, cannot be recovered. If the debtor subsequently adopts or ratifies the payment, or, in consideration of it, makes a promise to repay, he becomes liable. The subsequent adoption or ratification relates back to the payment, and is equivalent to a prior request; and the discharge of his liability is a sufficient consideration to support a subsequent promise. 1 Brick. Dig. 143, §§ 5, 121–124. An executor, administrator, or guardian, who, on a settlement of his trust, is charged, or charges himself, with a debt held by him in his representative capacity, which he ought to have collected, does not thereby pay such debt, or advance money without the request of the debtor. A liability to account for such debt rests on him, and it is for such liability he accounts. When he satisfies such liability, he becomes the equitable owner of the debt, and entitled to enforce its payment. If the debt was contracted with him, to his legal title is attached the equitable and beneficial interest, and he may recover it of the debtor.—*Hall v. Chenault,* 13 Ala. 710 ; *Tomkies v. Reynolds,* 17 Ala. 109; *White v. Word,* 22 Ala. 442 ; *Waldrop v. Pearson,* 42 Ala. 636 ; *Evans v. Billingsley,* 32 Ala. 395. No change in the character of the debt, or its incidents, results. Before the trustee accounted for it, on the settlement of the trust, it was due to him in his representative capacity; and after such accounting, it becomes his individual property, and to him all liens for its payment pass. The appellant having accounted, on

[Rather v. Young's Adm'rs et al.]

the settlement of his administration, for the debt due from Young, for the purchase-money of the lot, to which, by operation of law, a lien on the lot attached, was entitled in equity to enforce the lien. The case, therefore, resolves itself into a single question of fact: had Young paid the purchase-money?

The chancellor, after a consideration of the evidence, reached the conclusion that the purchase-money had been paid; and, after a careful examination, we are unwilling to disturb his decree. In the States where the evidence in chancery causes is *viva voce*, the finding of the chancellor on the facts is regarded as in the nature of a verdict at law, and appellate tribunals do not interfere with it, unless manifestly contrary to the weight of evidence —*Butler v. Ardis*, 2 McCord's Chan. 60; *McDowell v. Caldwell, Ib.* 59; *McCaul v. Blunt, Ib.* 90. The same rule obtains in this State, when at law the judge is required to hear and determine the facts without the introduction of a jury.—1 Brick. Dig. 775, §§ 1, 4, 26; *Ex parte McNally*, at the present term. A different rule obtains when we are required to pass on the decree of a chancellor on a question of fact. The evidence before him, on which he pronounces judgment, is reduced to writing in the form of affidavits, or of depositions taken on interrogatories. Witnesses are not examined before him *viva voce*; and their manner, or deportment, can exert no influence on the weight he may ascribe to the evidence. The reason of the rule prevailing elsewhere, attaching to a decree on the evidence the effect and dignity of a verdict at law, does not exist here, though, in some of our decisions, it is broadly announced. The decree is entitled to some consideration; and we think full effect is allowed, if it is regarded like a decree on a question of law, as *prima facie* correct, casting the *onus* of repelling the presumption on the party complaining. In *Marlowe v. Benagh*, 52 Ala. 113, we said: "It has become the settled practice of this court, not to disturb the decision of a chancellor on a question of fact, unless there is a decided preponderance of evidence against the conclusion he attains." The rule, at last, is merely the general rule, that error must be affirmatively shown. It is not enough that we cannot see that the judgment is right; we must see clearly that it is wrong, or it must stand.

Admitting the *onus* was on the purchaser, Young, to establish the fact of payment of the purchase-money, the fact was proved, *prima facie*, by the evidence of the appellant's account and settlement of his administration in the Probate Court, in which he charges himself with having received it. This was an admission of the fact; and while it was com-

(7)

petent for the appellant to show that it was erroneous, made inadvertently, or through mistake, we do not find the evidence which justifies the conclusion that he was in error. It is more probable that the fact has, by lapse of time, been blotted from his memory, and that he was mistaken subsequently in 1866, when for the first time he makes claim that the money was unpaid. The long delay in claiming a debt of this character, of which he had no written evidence, according to his statement, is so much without the ordinary course pursued by men of common prudence in the transaction of business, that it strengthens the conclusion the admission is true. There is other evidence in the record, leading to the same concluson, and but little militating against it—nothing, indeed, except that Young was mistaken in declaring he had paid the purchase-money to one or the other of two persons he mentioned. The conclusion is fortified by uncontradicted evidence, that a note payable to the appellant, purporting to be in consideration of the purchase-money, made by Young, was, in 1860, paid by a third person, for Young. True, it is not shown to whom the payment was made; but that is a fact that may well have escaped the memory of the witness, without casting suspicion on the evidence of the fact of payment, of which he has contemporaneous memoranda and entries in writing. The evidence of the appellant is direct, that payment had not been made to him. The purchaser, Young, being dead, and the suit against his personal representative and heirs, the appellant was not a competent witness to testify to the fact of non-payment; and objection to his evidence on this point having been made, it must be excluded in determining the fact of payment. On the whole, we repeat, after a careful examination of the evidence, we are unwilling to interfere with the decree of the chancellor.

If there be error in decreeing that appellant make a conveyance of the lands, the heirs of his intestate not being parties, it is not an error prejudicial to him, and of it he will not be heard to complain.

The decree is affirmed.