[Eureka Company v. Edwards.]

# Eureka Company *v.* Edwards.

*Bill in Equity to Cancel Deed executed by Minors, as a Cloud upon Complainant's Title.*

1. *Rule as to review of chancellor's findings on facts.*—The rule established in this court in reviewing the findings of the court of chancery on facts, is to affirm, unless clearly convinced of error; but if so convinced, to reverse.

2. *Declarations by grantor in deed, made after its execution; when inadmissible.*—Declarations by a grantor in a deed to land, conveying an absolute title in fee simple, made after the deed was executed, as to what his intentions were in its execution, are inadmissible to establish a trust in favor of third parties, inconsistent with the terms of the deed, or to otherwise vary, affect or impair the rights of the grantee under it.

3. *Deed by infant; what necessary to a ratification.*—To constitute a binding ratification of a deed to lands executed by an infant, after he becomes of age, there must be some positive act, knowingly done, affirming the conveyance, or which is inconsistent with the right to repudiate it; mere inaction, unless for a time sufficient to perfect a bar, is insufficient.

4. *Executory contracts of infants; may be avoided without tendering back what was received under the contract.*—If an infant, on becoming of age, disaffirms an *executory* contract, the adult purchaser or contractor being then forced to become the actor, to have the contract performed, the *quondam* infant is under no conditions or limitations in asserting the invalidity of the contract; the contract being voidable, and he making timely election to avoid by pleading his minority, his defense, if sustained by the proof, will prevail, without his tendering back anything he may have acquired or received under the contract.

5. *Executed contracts of infants; when tender essential to relief in equity.*—But if the contract, as in this case, is executed, the rule in equity is different. Then the *quondam* infant, or any one asserting claim in his right, must become the actor; and coming into court in quest of equity, he must do, or offer to do equity, as a condition on which relief will be decreed him; and hence, if the money or other valuable thing received by the infant be still *in esse*, and in the possession of the infant or of the party seeking relief in his right, a bill seeking to avoid the contract must make tender, or offer to produce or pay, as the case may be.

6. *Same; when tender not required.*—Where, however, as in this case, the infant executed a deed to lands sold by him, and received and consumed the purchase-money during his infancy, a bill averring this fact, filed by one claiming the land under a deed executed by the infant, after he had attained his majority, to have the first deed cancelled as a cloud upon his title, need not tender back the purchase-money received by the infant.

7. *First point decided in Martin v. Martin, 35 Ala. 560, held unsound.* The first principle decided in *Martin v. Martin*, 35 Ala. 560, is not supported by the authorities cited, or by principle.

8. *Adverse possession; what necessary to avoid deed to land.*—To avoid a deed to land on the ground that the land was in the adverse possession of another at the time the deed was executed, there must be an actual adverse holding under claim of right.

[Eureka Company v. Edwards.]

9. *When notice of deed of infant, which he had disaffirmed, by a purchaser from infant after he attained his majority, immaterial.*—Where an infant, for a valuable consideration, which he received and used during his minority, executed a deed to lands, and disaffirmed it, and sold and conveyed the lands to another, after he became of age, the disaffirmance of the first deed destroyed all the claim, both legal and equitable, vested in the grantee thereunder, and left in him no pretense of any equity to assert against the later purchaser; and hence, the fact that such purchaser had notice of the first deed was immaterial.

10. *When notice material.*—It is only when there is a prior right, legal or equitable, that notice, actual or constructive, becomes material to intercept or dominate an after acquired title.

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. THOMAS COBBS.

On 12th May, 1860, Jesse B. W. Burgin, being then seized and possessed of the north-east quarter of section 31, township 20, range 5 west, sold and conveyed the same to his mother, Mary T. Burgin; and on 26th May, 1863, Mary T. Burgin, by deed with covenants of warranty, conveyed this land in fee simple to Ann Judson Burgin, and Joseph Burgin, the youngest children of Jesse B. W. and Mary Burgin, his wife, said grantees then being minors of tender years. This deed recites a consideration of $800, but was in fact voluntary. On 12th June, 1869, a deed was executed by Mary Burgin, widow of Jesse B. W. Burgin, then deceased, Joseph Burgin, Ann Judson Thrasher, formerly Ann Judson Burgin, and her husband, and the other children and heirs at law of Jesse B. W. Burgin, deceased, to Giles Edwards and others, conveying certain mineral rights in said land. The bill in this cause was filed on 8th March, 1879, by the Eureka Company, a body corporate, against Giles Edwards and the other grantees in the deed of June 12, 1869, and others, claiming title to said land under the said Joseph Burgin and Ann Judson Thrasher, by deeds executed after the execution of the deed of June 12, 1869; charging that at the time of the execution of said deed the said Joseph Burgin and Ann Judson Thrasher were seized and possessed of said lands in their own exclusive right; that they were then minors, and that, shortly after they attained their majority, they refused to ratify or confirm the deed, but that, in fact, they then disaffirmed and disavowed it; and praying that the deed be cancelled as a cloud upon complainant's title. This title is as follows: (1) Deed from Ann Judson Thrasher and her husband to L. V. McDougal, dated 26th April, 1872, conveying an undivided one-half interest in said land, but excepting the iron ore therein, the principal part of the minerals conveyed by deed of 12th June, 1869; (2) deed from Ann Judson Thrasher (in which her husband did not join) to Robert McDougal, dated 16th September, 1873, conveying an undi-

[Eureka Company v. Edwards.]

vided one-half interest in all the iron ore in said land; (3) deed from Robert and L. V. McDougal to John Salmons, dated 30th March, 1874, conveying the west half of said quarter section; (4) deed from Joseph Burgin and wife to John Salmons, dated 28th March, 1874, conveying the east half of said quarter section; (5) deed from John Salmons and wife to the Eureka Company, dated 1st November, 1876, conveying the whole of said quarter section; (6) deed from Ann Judson Thrasher and her husband to the Eureka Company, dated 15th March, 1877, conveying said land. This deed was made, as shown by its recitals, to correct the defective execution of the deed to Robert McDougal, of date 16th September, 1873, and for an additional moneyed consideration. (7) Deed from Joseph C. Burgin and wife, and Robert McDougal and L. V. McDougal, his wife, to the Eureka Company, dated 25th September, 1879, conveying said land. This deed was executed, as shown by its recitals, to cure defect in complainant's title, growing out of the fact that the former deeds executed by said grantors conveyed designated parts of said land, instead of their undivided half interests therein; the conveyances having been thus executed on account of a parol partition between Burgin and McDougal, made prior to the execution of their respective deeds to Salmons.

Giles Edwards and his associates answered the bill, averring that the deed from Mary T. Burgin to Joseph Burgin and Ann Judson Thrasher, was in fact executed to them in trust and for the benefit of all the children of her son, Jesse B. W. Burgin, and that for this reason all of said children joined in the execution of the deed of June 12th, 1869; that the said Joseph and Ann Judson were of full age when they executed said deed; and insisting on the validity of their deed, and its priority over any rights the complainant may have in the minerals conveyed to them thereby. Said defendants asked that their answer be taken and considered as a cross-bill, thereby praying, *inter alia*, that the complainant be perpetually enjoined from setting up any claim to the minerals in and upon said land, and from interfering with, or hindering them from the full and complete enjoyment of their mineral rights therein.

It was not controverted that McDougal, Salmons and the complainant, at the dates of their respective purchases, had notice of the existence of the deed to Edwards and his associates, of date June 12, 1869. The record contains no evidence showing that Joseph Burgin and Ann Judson Thrasher ratified the said sale and conveyance to Edwards and his associates after they attained their majority; but the evidence shows that in 1873 they, through their attorney, notified Giles Edwards by letter that they were minors when they executed

[Eureka Company v. Edwards.]

the deed, and, in substance, that they did not consider it binding on them, and would not ratify it. Other acts tending to show a disaffirmance, of the deed by them were also proved, which need not be stated in this report. The deed from Mary T. Burgin to Joseph and Ann Judson Burgin contains no trust in favor of the other children of Jesse B. W. Burgin; and the evidence offered tending to show that the deed was intended for the benefit of said other children, was mainly declarations made by Mary T. Burgin that such was her intention in executing the deed. The other facts disclosed by the record are sufficiently stated in the opinion.

On the hearing, had on pleadings and proof, the chancellor caused a decree to be entered, denying relief to the complainant, and granting the injunction prayed by Giles Edwards and his associates in their cross-bill. That decree is made the basis of the assignments of error in this court.

A. C. HARGROVE and WATTS & SONS, for appellant.—(1) The rule now established in this court is, that the decision of a chancellor *on facts* is to be treated just like his decision on questions of law. If manifest error is shown, a reversal will follow.—*Rather v. Young's Adm'r*, 56 Ala. 94. (2) The parol evidence introduced to vary the terms of the deed from Mary T. Burgin to Joseph and Ann Judson Burgin, and to establish a trust inconsistent with the express language of the deed, was inadmissible. No trust has been proved in this case that can be enforced.—*Patton v. Beecher*, 62 Ala. 579. *Barrell v. Hanrick*, 42 Ala. 60, criticised and distinguished from this case. (3) The validity of the deed of June 12th, 1869, does not depend upon the question, whether Edwards *knew* or *did not know* that said Joseph and Ann Judson were minors when they executed the deed, but upon the question, whether, *in fact*, they were then of age or not. That Ann Judson was then married, did not enlarge her power to contract or convey; and the deed, as to her, was as invalid as if she had not been married. *Greenwood v. Coleman*, 34 Ala. 150. (4) On the question whether the said Joseph and Ann Judson were estopped from avoiding the deed by anything said or done by them, the following authorities were cited and discussed: *Gillespie v. Nabors*, 59 Ala. p. 445; Tyler on Inf. and Cov. p. 96, § 54; 1 Story's Eq. Jur. § 396; *Devereux v. Burgwyn*, 5 Ired. Eq. 351; *Manning v. Johnson*, 26 Ala. 446; *Brown v. McCune*, 5 Sandf. 224; *Clark v. Goddard*, 39 Ala. 164; *Wilson v. Judge*, 18 Ala. 757; *Slaughter v. Cunningham*, 24 Ala. 260. (5) The deed of June 12th, 1869, was disaffirmed by the said Joseph and Ann Judson after they became of age; and it then became inoperative.—*Slaughter v. Cun-*

ningham, 24 Ala. 260; Walker v. Ellis, 12 Ill. 470; Dixon v. Merritt, 21 Minn. 196; Chapin v. Shafer, 49 N. Y. 407; Tyler on Inf. and Cov. pp. 84-5, § 44; Ib. p. 96, § 54; Prout v. Wiley, 28 Mich. 164; Tucker v. Moorehead, 10 Peters, 58; Irvine v. Irvine, 9 Wall 617; 7 Wait's Ac. and Def. p. 144; Green v. Green, 69 N. Y. 553; 56 Mo. 202; 23 Me. 517; Derrick v. Kennedy, 4 Port. 41. (6) It was not necessary for them, in order to obtain relief, to restore the purchase-money, after they became of age, they having spent that portion thereof which was paid to them before they arrived at their majority.— Walsh v. Young, 110 Mass. 396; Chandler v. Simmons, 97 Mass. 508; Bartlett v. Drake, 100 Mass. 174; Dill v. Bowen, 54 Ind. 205; Green v. Green, 69 N. Y. 553; Mustard v. Wohlford, 15 Gratt. 329; Bedinger v. Wharton, 27 Gratt. 857; N. H. F. Ins. Co. v. Noyes, 32 N. H. 345; Price v. Furman, 27 Vt. 268. (7) Nor does it make any difference that Salmons or the Eureka Company knew of the sale to Edwards before they bought. The information they received, showed that the said Joseph and Ann Judson were both under age at the time of the execution of the deed to Edwards and his associates; and that, therefore, they had the right to repudiate the contract. The company stand in their shoes, and can assert any rights they could have asserted. Mustard v. Wohlford, 15 Gratt. 329. (8) The bill shows that the complainant had the legal title and a complete equity, and is in possession. This is sufficient to entitle it to relief. Bibb v. Bishop Cobbs Orphans Home, 61 Ala. 326; Stewart v. Daniel, 55 Ala. 278; Plant v. Barclay, 56 Ala. 561.

J. M. MARTIN, contra.—(1) The burden of proving that Joseph Burgin and Ann J. Thrasher were minors on 12th June, 1869, was upon the appellant; and the chancellor, after considering all the evidence, has affirmed that it does not produce that rational conviction of the fact of their minority, "which the law denominates proof." "It is not enough that the court can not see that the judgment of the primary court was right; unless shown to be wrong, the presumption of correctness arises." Marlowe v. Benagh, 52 Ala. 112. (2) Appellees deny that the minority of the said Joseph and Ann Judson at the time of executing the deed of June 12th 1869, if proven, would entitle the appellant to relief, because the sale of the "mineral rights" to appellees, Edwards and his associates, was effected by means of fraud and fraudulent concealments on the part of the said Joseph and Ann Judson; of which the appellant was fully informed before making his pretended purchase. After a discussion of the testimony, the following authorities were cited and discussed on this point:

*Wright v. Snowe*, 2 De Gex & Small's Rep. 320; *Conroe v. Birdsall*, 1 Johnson's Cases, 127; Story on Sales, § 28; Fon.'s Equity, B. I. C. III. § 4; *Ex parte Watson*, 16 Ves. 265; 2 Eq. Cases Abr. 428; 13 Vin. Abr. 536; 9 Vin. Abr. 415; 2 Ves. Sr. 198; 2 Mad. 40; 3 Hare, 503; *Ex parte Unity Joint Stock M. B. Association*, 3 De Gex and Jones, 63; 1 Story's Eq. Jur. § 240; Kerr on Fraud and Mistake, p. 148; 3 Kent's Com. 353, and note 1; 1 Pars. on Cont. 318, and note; Bispham's Eq. § 293; *Ib.* § 294. (3) If said grantors were minors, their deed is not void, but voidable.—*Manning v. Johnson*, 26 Ala. 451. It operated to transmit the title to the property to these appellees.—*Irvine v. Irvine*, 9 Wall. 617. Until their deed is avoided, these appellees have the title; and if the pretended minors have, since their majority, ratified their act, this title is now perfect.—*Irvine v. Irvine, supra.* The conduct of said Joseph and Ann Judson, after they arrived at age, was a sufficient ratification of the sale and conveyance to these appellees. Evidence on this point discussed, and following authorities cited and commented on: *Thomasson v. Boyd*, 13 Ala. 420; *Shropshire v. Burns*, 46 Ala. 114; *West v. Penny*, 16 Ala. 186; *Martin v. Mayo*, 10 Mass. 137; *Phillips v. Green*, 5 Mon. 353. (4) By their purchase of the "mineral rights" these appellees became joint owners with the pretended minors of the "Burgin lands;" they bought, not the product of the land, but a part of the land itself.—*Heflin v. Bingham*, 56 Ala. 574; *Riddle v. Brown*, 20 Ala. 412; *Mitchell v. Billingslea*, 17 Ala. 393. They had just such possession of their interest in, or share of the lands, as it was understood and agreed they should have; and this possession has been unbroken ever since. They, therefore, held the "mineral rights" adversely to the pretended minors, and the deeds to Salmons, McDougal and to appellant are void. See *Elliott v. Horn*, 10 Ala. 354; *Pryor v. Butler*, 9 Ala. 418; *Hinton v. Nelms*, 13 Ala. 222; *Harvey v. Doe*, 23 Ala. 635; *Jackson v. Todd*, 6 Johns. 257; *Dexter v. Nelson*, 6 Ala. 68. (5) The purchase-money for said mineral rights has not been refunded. Until this be done, a court of equity will not give effect to an act of disaffirmance of the sale on the part of the pretended minors.—*Manning v. Johnson*, 26 Ala. 451; *Lynde v. Budd*, 2 Paige, 192; *Badger v. Phinney*, 15 Mass. 359; *Roberts v. Wiggin*, 1 N. H. 73; *Roof v. Stafford*, 7 Cow. 182; *Smith v. Evans*, 5 Humph. 70; *Bartholomew v. Finnemore*, 17 Barb. 430; *Delano v. Blake*, 11 Wend. 86; *Palmer v. Miller*, 25 Barb. 402; *Hillyer v. Bennett*, 3 Edwards' Ch. R. 222; *Goodman v. Winter*, 64 Ala. 437. (6) The Eureka Company was a *mala fide* purchaser of the said mineral rights, inasmuch as the purchase was made with a full knowledge of

the prior rights of these appellees; and was made, also, of vendors who had like notice, prior to the pretended sales to them. *Le Neve v. Le Neve*, 3 Atk. 646; Wade on Law of Notice, §§ 11, 13, 17, 27, 32, 33, 50, 55, and 65; *Taylor v. Stribbert*, 2 Ves. Jr. 437; 1 Story's Eq. Jur. § 409; *Murray v. Ballou*, 1 Johns. Ch. 566; *Heatley v. Finster*, 2 Johns. Ch. 158; *Champion v. Brown*, 6 Johns. Ch. 398; *Cambridge Valley Bank v. Delano*, 48 N. Y. 326; *Bryant v. Booze*, 55 Ga. 438. (7) The deed from Mary T. Burgin was made *in trust* for the benefit of all the children of Jesse B. W. Burgin; and these appellees, as purchasers from them, may now establish and enforce the trust in defense of this cause and in the protection of their rights in the property against the appellant, it, together with its vendors, having notice of the trust. See *McVey v. Parker*, 64 Ala. 493; *Venable v. Thompson*, 11 Ala. 148; *Graham v. Lockhart*, 8 Ala. 24; *Barrell v. Hanrick, Adm'r*, 42 Ala. 71; *Kennedy v. Kennedy*, 2 Ala. 571. (8) The right to disaffirm a contract made during minority is a personal privilege; and hence, the appellant can not avail itself of the minority of the said Joseph and Ann Judson, to avoid their deeds. *Shropshire v. Burns*, 46 Ala. 115; *Jefford v. Ringgold & Co.* 6 Ala. 547.

STONE, J.—The rule we have established in reviewing findings of the court of chancery on facts, is to affirm, unless we are clearly convinced the court has erred. But if clearly convinced of error, a reversal follows.—*Rather v. Young*, 56 Ala. 94; *Bryan v. Hendrix*, 57 Ala. 387; *Nooe's Ex'r. v. Garner's Adm'r.* 70 Ala. 443. We have very carefully examined the testimony in this case, and have reached the following conclusions:

*First*, that when the deed of the mineral rights was made to Giles Edwards and his associates—June 12th, 1869,—Joseph C. Burgin and Ann Judson Thrasher were each under twenty-one years of age; that Joseph C. was born in January, 1850, and Ann Judson in February, 1852. On this point, we think the testimony leaves no room for doubt.

*Second*, it is contended that on the day when the deed to Edwards was executed, Mary Burgin, their mother, stated, in the presence of Joseph C. and Ann Judson, that they were each of lawful age, and that neither of them contradicted her statement. Some other testimony is offered, tending to show Joseph C. Burgin stated he was then twenty-one years old. This testimony is relied on by appellees in two aspects: *first*, as an estoppel *in pais;* and, *second*, as proving fraud on their part, which will deprive them of their plea of infancy. We consider it unnecessary to decide either of these legal questions,

[Eureka Company v. Edwards.]

for the proof is wholly insufficient to establish the alleged fact. On the contrary, taking the testimony for our guide, we are clearly convinced that if the chancellor found such declaration had been made in their presence and hearing, he erred. See *Clark v. Goddard*, 39 Ala. 164.

*Third*, it is contended that the deed of Mary T. Burgin was made to Joseph C. and Ann Judson, in trust for all the children of Jesse Burgin, their father. The testimony is wholly insufficient to establish this. In truth, there is no legal testimony bearing on this question. What Mary T. Burgin may have said, after executing the deed, of what her intention had been in its execution, can not vary, affect, or impair the rights of the grantees under it.—1 Brick. Dig. 843, §§ 554–5; *Ib.* 844, § 563. But if this alleged fact were proved, the legal effect would probably be the same.—*Patton v. Beecher*, 62 Ala. 579; *Lehman v. Lewis*, *Ib.* 129.

We have not found in this record any evidence that either Joseph C. or Ann Judson ratified the sale and conveyance made to Edwards and his associates, after the former became of age. Mere inaction for the time shown in this record can not be construed into a ratification. It requires some positive act knowingly done, affirming the contract, or which is inconsistent with the right to repudiate it, to constitute a binding ratification, unless the sale and conveyance are acquiesced in for a sufficient time to perfect a bar.—*Slaughter v. Cunningham*, 24 Ala. 260; 7 Wait's Actions & Def. 144; *Tucker v. Moreland*, 10 Pet. 58; *Irvine v. Irvine*, 9 Wallace, 617; *Derrick v. Kennedy*, 4 Por. 41; *Chapin v. Shafer*, 49 N. Y. 406; *N. H. Mut. Ins. Co. v. Noyes*, 32 N. Y. 345; *Boody v. McKenny*, 23 Me. 517; *Thomas v. Pullis*, 56 Mo. 211; *Walker v. Ellis*, 12 Ill. 470; *Prout v. Wiley*, 28 Mich. 164; *Dixon v. Merritt*, 21 Min. 196.

There is nothing in the argument that when the Eureka Company, and those under whom it claims, acquired their title, Giles Edwards and his associates were in possession of the lands, claiming ownership of the minerals, and that complainant's purchase was therefore void. To come within this principle, there must be an actual adverse holding under claim of right.—*Bernstein v. Humes*, 60 Ala. 582. There is no evidence that Edwards and his associates were in the actual possession of the lands at any time.

The present bill was filed by the Eureka Company, averring and proving it was in possession; and it seeks to have the deed to Edwards and his associates cancelled, as a cloud on the title of complainant. It avers that the title in fee to the lands was in Joseph C. and Ann Judson, at the time Mary Burgin and all her children conveyed the mineral rights to Giles Edwards

and associates, that of the purchase-money paid for the mineral rights—eleven hundred dollars—only one hundred dollars each was received by said Joseph C. and Ann Judson, and that they had each used and expended said money before they severally reached the age of twenty-one years. The testimony proves these averments to be true. The title set up by complainant is as follows: Conveyance of Joseph C. Burgin of his half interest to Salmons, and of Ann Judson Thrasher and her husband of her half interest to McDougal, and conveyance by him to Salmons; then conveyance by the latter to the complainant. It is thus shown that appellant—complainant below —stands in the shoes, and can assert only the rights which Joseph C. Burgin and Ann Judson Thrasher could originally assert. Appellee contends that if the complainant has made a good case on all the points noted above, the contract of sale to Edwards and associates can be disaffirmed and set aside, only on condition that the money paid by them for the mineral rights is either paid or tendered to them; and that inasmuch as the present bill seeks affirmative relief against their prior purchase, the bill should tender to them the eleven hundred dollars they paid, and interest upon it. The defense further claims that, if mistaken in the amount the complainant should have offered to pay, the bill should at least have offered to refund the two hundred dollars received by Joseph C. and Ann Judson, and interest upon it.

A distinction is taken in the books between executory and executed contracts made by infants. In the former class of cases, if the infant on becoming of age disaffirms the contract, then the adult purchaser or contractor will be forced to become the actor, to have the contract performed. In such case the infant, or *quondam* infant, is under no conditions or limitations in asserting the invalidity of the contract. Being voidable, and he making timely election to avoid by pleading his minority, his defense, if sustained by proof, will prevail. He need not tender back any thing he may have acquired or received under the contract. The most that can be required of him is, that if he retained and held all or any part of what he had received under the contract until he reached the age of twenty-one, then, on demand or suit, he can be held to account for it. The rule is different when the contract has been executed. Then the *quondam* infant, or any one asserting claim in his right, must become the actor; and coming into court in quest of equity, he must do, or offer to do equity, as a condition on which relief will be decreed to him. This is the difference between asking and resisting relief.—*Roof v. Stafford*, 7 Cow. 179; *Hillyer v. Bennett*, 3 Edw. Ch. 222; *Bartholomew v. Finnemore*, 17 Barb. 428; *Smith v. Evans*, 5 Humph. 70;

*Mustard v. Wohlford*, 15 Grat. 329; *Bedinger v. Wharton*, 27 Grat. 857. But it is only in equity this principle obtains. If the suit be at law, the tender need not ordinarily be made, as a condition of recovering the property. But if the suit be in equity, and if the money or other valuable thing be still *in esse*, and in possession of the party seeking the relief, or in him from whom the right to sue is derived, the bill, to be sufficient, must tender, or offer to produce or pay, as the case may be. Not so, if the infant has used or consumed it during his minority.—*Badger v. Phinney*, 15 Mass. 359; *Price v. Furman*, 27 Verm. 268; *Chandler v. Simmons*, 97 Mass. 508; *Walsh v. Young*, 110 Mass. 396; *Green v. Green*, 69 N. Y. 553; *Dill v. Bowen*, 54 Ind. 204; *Phillips v. Green*, 5 T. B. Monroe, 344; *Goodman v. Winter*, 64 Ala. 410; *Roberts v. Wiggin*, 1 N. H. 73.

We have examined *Martin v. Martin*, 35 Ala. 560, and think the first principle stated in the opinion is not supported by the authorities cited, or by principle.

The bill in the present case avers, and the proof sustains it, that the money received by Joseph C. and Ann Judson in the sale to Edwards, had been consumed and disposed of by them while they were minors. This relieved complainant of the duty of tendering, or offering to pay. If it did not, then the offer in the present bill would be insufficient. The offer is "to do equity, and to abide by and perform such things as, under equity and good conscience, may seem meet to entitle it to a decree for the cancellation of said deed." The offer should have been to refund the money, with interest. There was, however, no demurrer to the bill. Under no circumstances, would it be necessary for Joseph C. and Ann Judson to repay the money which had been paid to the other Burgins.

There is nothing in the argument that McDougal, Salmons and the Eureka Company had notice of the prior conveyance to Edwards. That conveyance conferred a legal title, or it conferred nothing. It is only when there is a prior right, legal or equitable, that notice, actual or constructive, becomes material, to intercept or dominate an after acquired title. The disaffirmance of the sale made by the infants to Edwards, destroyed all his claim, both legal and equitable, which their deed had vested in him, and left in him no pretense of any equity, to assert against a later purchaser with notice.

The decree of the chancellor is reversed, and the cause remanded, that the complainant may have the relief prayed by its bill. It should be borne in mind that the deed to Edwards and associates can be cancelled only as to Joseph C. and Ann Judson. The grantees are entitled to the custody and owner-

ship of their deed, as against the other grantors. The deed should not, on its face, be marred or mutilated.