# Eureka Company *v.* Edwards.

*Bill in Equity to Cancel . Deed as a Cloud upon Complainant's Title.*

1. *Motion to amend answer after hearing decision on the merits ; when properly refused.*—After a hearing and decision on the merits in a chancery cause, a motion to amend the answer, by incorporating a demurrer to the bill on account of a technical defect which is amendable, and which exerted no influence in the decision of the case, is properly refused.

2. *Motion to take further testimony ; when properly overruled.*—A motion to take further testimony as to an important issue of fact, merely cumulative to the testimony already taken, and to be used on an application for a rehearing, is properly overruled.

APPEAL from Tuscaloosa Chancery Court.

Heard before Hon. THOMAS COBBS.

Reference is had to the previous report of this case in 71 Ala. 248, for a statement of the facts. The present appeal is based upon the overruling by the primary court of certain motions made by the appellant after remandment,—the nature of which is indicated in the opinion.

STONE, C. J.—We are not prepared to say the chancellor misinterpreted the decision pronounced by this court, when this cause was formerly before us.—71 Ala. 248–257. The remandment then ordered expressed on its face what its purpose was—namely : "That the complainant may have the relief prayed by its bill." Probably the correct inference to be drawn from this language is, that this court preferred that the chancellor should himself direct and supervise the partial cancellation of the deed, rather than, by pronouncing final decree here, to leave it to the unassisted judgment of the register to execute so delicate a function. We need not decide this.

The motions made and overruled by the court below were—

First : To amend the original answer, by adding a demurrer thereto on a specified ground. If there had been no pretense of a final decree by this court, that motion, made as it was after a trial on the merits, should have been denied. It simply sought to point out an imperfection in the bill, easily and naturally remediable by amendment, and which had exerted no influence in the preparation of the cause, nor in the relief claimed and granted. To have allowed such amendment at

[Smith v. Alexander.]

that stage, would have been an abuse of discretion. For the same reason, the chancellor did right in overruling the motion to dismiss the bill; for that motion was based on the same imperfection in the bill, which had been attempted to be reached by the amendment offered. Discretionary powers should be exercised in promotion, and never in delay of justice.

Motion was likewise made in the court below, for leave to take further testimony, the avowed object being to make further proof that J. C. Burgin and Ann Judkins Thrasher were of adult age when they executed the deed under which Edwards and his associates claim title. This was the most important issue of fact in the cause, and testimony *pro* and *con* was taken upon it before the first hearing was had. The motion, made after publication and after a hearing on the merits, was for leave to take further testimony, simply and purely cumulative of testimony previously taken to prove the same fact—such new testimony to be used on a rehearing of the cause. Such motion should be overruled.—*Gordon v. Tweedy*, 74 Ala. 232.

We are perfectly content with our rulings when this case was formerly before us.

Affirmed.