OGBURN *versus* OGBURN.

· QUESTIONS IN THIS CASE.

*As to charges of Courts, upon abstract questions.*
*As to a defence by a vendee of personal property,*
*while retaining possession.*

1. Where an inferior Court, after rejecting testimony offered in a cause, charged as though such testimony had been admitted, it was held that such charge was abstract, and not the subject of inquiry in error.
2. The vendee of a slave cannot, while holding the possession thereof, defend against an action for the purchase money, by proof of want of title in the vendor.

In error from Montgomery Circuit Court.

This action was assumpsit, upon a promissory note, instituted by the defendant in error, to whom the note was made payable. The defence relied on to resist a recovery, was, that the note had been executed in consideration of the purchase of a slave, the title to which was not in the vendor. A trial was had, under the pleas of want of consideration, failure of consideration, and fraud in obtaining the note; and a verdict awarded in favor of the plaintiff to the action.

After the introduction of the note, to the jury, the defendant produced the subscribing witness thereto, who proved that the note had been given in payment for a slave, who passed into the possession of the vendee, and had there remained until the time of the action. As further testimony in defence, the defendant offered to read to the jury, a deed of gift, from Hines, the grandfather of the plaintiff's children, to

them, of the slave in question, the validity of which deed, and the execution and recording of which, in a regular manner, were not contested. The defendant also offered to show, that he had been notified to hold the said slave in trust for the children, to whom she had been conveyed.

The Court ruled that the whole of this testimony was illegal, and could not avail the defendant, unless he had returned, or offered to return the slave to the vendor.

The defendant then proposed proving that Ogburn, the vendor, was insolvent, and had assigned the note to others, for whose use he now sued; and so could not return the note to the defendant : also, that he held the slave in trust, as aforesaid. All which evidence the Court rejected, and charged the jury, that if the vendee had the possession of the slave, and had not offered to return her to the vendor, the plaintiff was entitled to his verdict; there being no evidence of suit having been instituted, or recovery had, against said defendant. To all which matters, the defendant prayed his bill of exceptions, which was signed and sealed accordingly.

Argued by *Mr. Dargan* and *Messrs. Ellis & Peck*, for the plaintiff in error, and by *Mr. Goldthwaite*, for the defendant.

Hopkins, J.—The note, upon which the action in this case was founded, was given, for the purchase money of a slave, sold and delivered, by John Ogburn, to Nicholas Ogburn, on the day the note was made. The purchaser has been in possession of the slave, ever since the sale.

Upon the trial of the cause, the plaintiff in error, who was the defendant in the Circuit Court, offered to prove, in the defence, that the title to the slave was in the children of his vendor, the plaintiff in the action; that he had received notice, to hold the slave, for the benefit of the children; and, that he did hold the possession of the same, in trust for them. He also offered to prove, that the vendor was insolvent.

The evidence offered, the court refused to admit. Instructions were given by the Court to the jury, as though the testimony, which was excluded, had been admitted.

As the instructions were upon an abstract question, and not on one, which arose from facts in the case; this Court has no power to enquire of the correctness of them. The question here, is, do the facts, which the plaintiff in error offered to prove, constitute a defence to the action?

If they do not, the judgment must stand, because the admission of them, in proof, could not have prevented the judgment; and against such evidence, the defendant in error would be entitled, upon another trial, to a judgment, for the amount due on the note.

The warranty in this case, was an implied one; but the effect of an express, and of an implied warranty, of title, upon a sale of personal property, is the same, and no reason is perceived, why a vendee of a chattel, who continues in the possession of it, should have a cause of action upon his warranty, for a want of title in his vendor—when a grantee of real estate, in the same circumstances would have no right to maintain a suit, upon a warranty of title.— No principle is more firmly settled, than that which

allows no action upon a covenant of warranty of the title to land, until after the eviction of the grantee, by a paramount legal title. (2 Wheaton 62, note C and the cases there cited.)

A possession which begins in wrong, may continue long enough to exclude all adverse claims. By possession only, he who has it may acquire a title. This effect of possession is produced by the lapse of a much shorter time, upon personal property than on real estate. It is more important, therefore, to a vendor of a chattel, that his vendee should not voluntarily give the possession of it to an adverse claimant, or hold it for his benefit, than it is to the grantor of real estate. But, upon authority, there seems to be one difference between such a grantee of real estate and vendee of personal property ; the latter, for want of title in the seller, has a right to an action as soon as he has offered to return the chattel, the former must wait for his eviction.

To maintain an action, the plaintiff in it must have done, before the commencement of it, every thing required to give the right to it. The effect of the maintainance of an action to recover back the purchase money, is to rescind the contract; to restore to each party what was his own, before the sale was made. In such an action a judgment may be rendered for the plaintiff that he recover back the purchase money, but none can be given for the seller that the possession be restored to him. To allow an action for this purpose, before an offer to return the property had been made, would deprive the law of its power to do what it professes to do by its judgment—to rescind the sale. The seller would be without the possession, which was once his, and would

3 v. P.            17

have received nothing in exchange for it; while the purchaser, in whose action the sale, from which he obtained the possession, was rescinded, would be left in possession, and with a prospect of gaining to himself a title by possession only. To prevent such injustice, the rule that requires a return of the property, or an offer to do so, which has the same effect upon the remedy, has been established. By its operation a vendor may certainly get back what he sold, before he can be deprived by the judgment of the law, of the consideration which he received for it.— This rule is applicable to an action for a breach of a warranty of title to a chattel, to recover back the purchase money.

If an action could be maintained without an offer to return the property, palpable injustice would be the consequence to the vendor. A jury could make him no compensation for the loss of possession, for no accurate calculation of the chances that it would be continued long enough to mature into a title, could be made, and consequently no estimate of the value of the possession, sufficiently probable to authorise the deduction of it from the purchaser's demand. The offer to return must be made in a reasonable time after the discovery of the want of title.

As a vendee of a chattel, who has paid the purchase money, cannot maintain an action to recover it back, for the want of title in his vendor, while he has, and is in, the undisturbed possession of the chattel, how can one in the same circumstances prevent a recovery of the purchase money. To sustain the defence would be a rescission of the sale. We think no defence can be made to an action for the purchase money, when the facts relied upon to make it, would not, if the

parties were changed, and the money had been paid, enable the vendee to recover it back for the breach of the warranty of title. If the principle were different, a possession of a vendor, which was founded, before he transferred it, upon lapse of time, almost sufficient to protect it against all claim, might become worthless if the purchaser chose to give it up to an adverse claimant, who was the real owner; and he would have a right to do so, if he have the right claimed for the vendee in this case, to refuse to pay the purchase money, while he holds the possession of the chattel, in trust for the real owner.

The objection to the principle, which we recognize, that the purchaser would be liable to the right owner, after he had returned the property, could be made with as great plausibility to the maintenance of an action by a bailor, or landlord against, the bailee or tenant, who can make no defence, upon the ground that the title to the property is in a third person.[a]

The judgment is affirmed.

[a] 7 John R. 324; 2 Cain 216; 19 John 77.