# HICKSON ET AL., EX'RS, *vs.* LINGOLD ET AL.

[ACTION BY EXECUTOR, AGAINST MAKERS OF PROMISSORY NOTE, GIVEN FOR PURCHASE OF LAND OF TESTATOR, THE MAKERS DEFENDING WITHOUT SURRENDERING POSSESSION.]

1. *Purchaser of land at executor's sale; when can not resist payment of notes for purchase-money at law.*—Where executors sell the lands of their testator, under an order of sale by the probate court for that purpose, if the vendee gives his notes for the purchase-money, and is let into, and retains the possession of the premises, he can not, at law, defend an action by the executors on said notes, on the ground that the order of sale is erroneous ; even its utter invalidity is no defense to such an action.

2. *Same ; when vendee may retain possession and resist payment of purchase-money.*—If, however, the vendee has paid a part of the price, or made necessary and permanent improvements, where fraudulent representations have been made, to the injury of the vendee, or the vendor can not make good titles, and in some other like cases, the vendee may, without restoring the possession, within a reasonable time, file his bill in a court of chancery to rescind the sale, and to enjoin the collection of the purchase-money. In such cases, the vendee is permitted to retain the possession as a security for the money paid, and to indemnify him for necessary and permanent improvements made, in good faith, upon the premises.

APPEAL from Circuit Court of Pike.
Tried before Hon. J. McCALEB WILEY.

THIS was an action brought by appellants, as executors of the last will and testament of Samuel Hickson, deceased, against the appellees to recover amount due on promissory notes given by them for the purchase-money of lands of appellants' testator, sold under the order of the probate court, on the ground that they "could not be fairly and equitably divided among the heirs without a sale."

The parties went to trial on the plea of the general issue, " with leave to give in any matter not required to be sworn to." It was admitted that Lingold, the principal in said notes, went into possession of the land at the time of sale, and so continued at the time of the trial, and that the sole consideration of the notes was the purchase-money of lands belonging to appellants' testator, and sold as above stated. Plaintiffs, after reading in evidence the notes mentioned in the complaint, rested, and defendants offered in evidence, without objection, a transcript from the probate court of Pike, which the probate judge certifies is a " complete transcript of the will, probate, reports and orders in relation to the sale of land." This was all the evidence, and " about which there was no controversy" ; and upon this evidence the court charged the jury, at the request of defendants, if they believed the evidence they must find for defendants. Plaintiffs excepted to the charge, and took a nonsuit, with leave to move to set aside the same in the supreme court. It is unnecessary to notice more specifically the transcript of the proceedings in the probate court, as this court, declining to pass upon their validity or regularity, held that their utter invalidity would not constitute a defense to the action.

WATTS & TROY, and J. N. ARRINGTON, for appellants.
SEALS & WOOD, contra.

PECK, C. J.—Where executors sell the lands of their testator, under an order of sale by the probate court for that purpose, if the vendee gives his notes for the purchase-money, and is let into, and retains the possession of the premises, he can not, at law, defend an action by the executors on said notes, on the ground that the order of sale was erroneous; even its utter invalidity is no defense to such an action. This, we think, is the rule to be derived from all the decisions of this court on this subject. *Ogburn v. Ogburn*, 3 Porter, 126; *Calloway v. McElroy & Flannagan*, 3 Ala. 406 ; *Harbin v. Levi*, 6 Ala. 399 ; *Lampkin et al. v. Reese et al.*, 7 Ala. 170.; *Worthington, Adm'r, v.*

*McRoberts & Porter,* 7 Ala. 814; *Rhodes, Adm'r, v. Storr,* 7 Ala. 347; *Jennings & Graham v. The Adm'rs of Jenkins et al.,* 9 Ala. 285.

In some of these cases the sales were made by individuals; in some, by personal representatives. In some, the sales were of personal, and in others, of real property. Some of them are cases at common law, and others in the court of chancery; but the principle to be extracted from all of them is, that where the vendee is in the possession of the property purchased, he can not, successfully, resist and defeat an action for the purchase-money, on the ground that the vendor's title is defective, or that he had no legal authority to make the sale, or that the sale was void. In other words, that it is inequitable to permit the vendee to retain the property purchased, and not pay for it.

We know of no exception to this rule in the common law courts. In chancery, however, if the vendee has paid a part of the price, or made necessary and permanent improvements, where fraudulent representations have been made, to the injury of the vendee, or the vendor is unable to make good titles, and in some other cases not necessary to be here specified, the vendee may, without restoring the possession, file his bill within a reasonable time, to rescind the sale, and to enjoin the collection of the purchase-money. In such cases, the vendee is permitted to retain the possession, as a security for the money paid, and to indemnify him for necessary and permanent improvements made, in good faith, upon the premises.—*Read v. Walker,* 18 Ala. 323; *Foster v. Gressett's Heirs,* 29 Ala. 3. 3.

On the trial of this case, after the notes described in the complaint had been read to the jury, the defendants introduced the written ₁agreements of the parties, by which it was admitted that the said notes were given by the defendant Lingold, for lands sold by the plaintiffs, as the executors of the last will and testament of Samuel Hickson, deceased, and that the other defendants were his sureties; that the sale was made under an order of sale made by the probate court of Pike county, and that said Lingold

went into the possession of the premises, and still retained the same.

The defendants also introduced and read in evidence, without objection on the part of the plaintiffs, a certified transcript from the probate court of said county of Pike, purporting to contain the entire proceedings had in said court, at the instance of the plaintiffs, touching the probate of said last will and testament, and their administration of the estate of said deceased under the same, including proceedings for the sale of the personal and real estate of said testator, &c. We do not deem it necessary to decide as to the regularity or validity of said proceedings. It is enough to say that, under the circumstances of this case, if admitted to be invalid, they constituted no defense to this action, and might, without error, have been excluded as evidence, on the objection of the plaintiffs.

Retaining the possession of the lands purchased, the defendants were in no condition to resist a recovery in this case. The court, however, on the written request of said defendants, charged the jury, that, if. they believed the evidence, they must find for the defendants.

The plaintiffs excepted to this charge of the court, and, under section 2759 of the Revised Code, suffered a non-suit, and have appealed to this court to have said non-suit set aside.

The said charge is erroneous. The non-suit, therefore, must be set aside, and the cause remanded for another trial, at the costs of the appellees.