# Martin's Executor *v.* Truss *et al.*

*Action on Promissory Note given for Purchase money of Land at Executor's Sale.*

*When purchaser of lands, at sale under probate decree, cannot defend action on note for purchase-money.* — When the purchaser of lands, sold by an executor or administrator under a decree of the probate court, has been let into possession, he cannot, while retaining the possession, defend an action at law on his notes for the purchase-money, on the ground that the order of sale is irregular, erroneous, or even void.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. WM. S. MUDD.

This action was brought by William N. Martin, as the executor of the last will and testament of William Martin, deceased, against Thomas K. Truss and W. A. J. Reed ; and was founded

[Martin's Executor *v.* Truss.]

on a promissory note for $2,006, executed by said defendants, together with one Arthur Truss (since deceased), dated the 24th February, 1871, and payable twelve months after date, to the order of plaintiff, as executor as aforesaid; on which were indorsed two credits, together amounting to $397. On the trial, as the bill of exceptions states, it was admitted that said note was given for the purchase-money of a tract of land, which was sold by said plaintiff as such executor, under an order of the probate court, and purchased at said sale by said Arthur Truss, the defendants signing said note as his sureties; and that said Arthur Truss went into the possession of said land under said purchase, and continued in the possession up to the time of his death; and that his personal representative still had the possession. The order of sale, and the petition on which it was founded, were also offered in evidence. The petition was filed by said executor, and alleged that " said lots of land are of unequal values, and so situated and of such dimensions that they cannot be equitably divided among the legatees;" " that he believes the interest of all persons concerned in said lands will be best promoted by a sale thereof, and a distribution of the proceeds among the said heirs according to their respective rights;" and that the will conferred no power of sale. The prayer of the petition was " for an order authorizing him to sell said lands for the purpose of division among the parties aforesaid, according to law." The order of sale recites the filing of the petition, and that said petition averred that the lands could not be equitably divided without a sale, and that it appeared to the court from the depositions of two witnesses, taken as in chancery cases, that a sale was necessary to make an equitable division among the parties in interest. The sale was reported to the probate court, and confirmed by it. The court charged the jury, on this evidence, that the plaintiff was not entitled to recover; and this charge, to which the plaintiff excepted, is now assigned as error.

PORTER & MARTIN, WATTS & TROY, for appellant.

HEWITT & WALKER, *contra.*

PETERS, C. J.— This case is precisely similar to the case of *Hickson et al.* v. *Lingold et al.*, decided at the January term of this court, 1872. In that case, Chief Justice PECK, delivering the opinion of the court, says: " Where executors sell the lands of their testator, under an order of sale by the probate court for that purpose, if the vendee gives his notes for the purchase-money, and is let into and retains the possession of the premises, he cannot, at law, defend an action by the executors

[Abbott v. May.]

on said notes, on the ground that the order of sale was erroneous ; even its utter invalidity is no defence to such an action." 47 Ala. 450. The principle thus laid down fully covers the point made in this case, in favor of the appellant. Even in equity, the fact that the sale was void would not be a sufficient ground for relief, when it appears that there was no warranty, no fraud, and no mistake or ignorance of any material facts. *Burns* v. *Hamilton, adm'r*, 33 Ala. 210. While the defendant in the court below remained in possession of the lands purchased under the order of the probate court, he could not defend, at law, a suit for the purchase-money.

Therefore, upon authority of the case of *Hickson* v. *Lingold* (47 Ala. 449), the judgment of the court below is reversed, and the cause remanded.