# Thompson *v.* Sheppard.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Description of land in bill.*—In a bill to enforce a vendor's lien, it is sufficient to describe the land with reasonable certainty, so as to render it capable of identification; as where it is described as a small subdivision of a quarter-section, the numbers of the section, township and range being stated, its boundaries, and location in the county.

2. *Waiver of lien, by taking security.*—When a promissory note, which recites that it was given for the unpaid purchase-money of land, contains a waiver of exemptions of personal property, this does not raise a presumption that the vendor's lien was waived.

3. *Abatement of purchase-money, on account of deficiency in quantity of land; description of land in conveyance.*—Where the conveyance recites a sale in gross, and describes the land as "about one hundred feet wide," giving the boundaries, and it is shown that the parcel was inclosed by a fence, the description by metes and bounds must prevail, and control the statement as to quantity; and the purchaser can not, in such case, claim an abatement of the purchase-money on account of a deficiency in the quantity or frontage of the lot.

85 611
93 20
93 254

85 611
99 17

85 611
115 312

85 611
120 219
122 509

85 611
124 620

85 611
129 652

85 611
132 360

85 611
135 463

4. *Conveyance of land including homestead; acknowledgment by wife.* A conveyance of land including the homestead, signed by husband and wife, and acknowledged by the wife in proper form to pass title to the homestead, is nevertheless inoperative for that purpose, when it recites that she joined in the execution of the instrument "solely for the purpose of relinquishing her dower interest in the land."

5. *Homestead interest in larger tract; how ascertained and separated.* When the homestead, after being reduced to the lowest practicable area, exceeds $2,000 in value, and the husband has conveyed it by deed without the voluntary signature and assent of the wife, his grantee acquires no title whatever to the homestead interest, but the husband (or his wife, or child or children) may, by bill in equity, have the land sold, and the homestead interest set apart (Code, § 2538); and if he files a bill to enforce a vendor's lien on the land, the purchaser claiming an abatement of the purchase-money on account of the defect of title to the homestead interest, the court will decree a sale of the whole land, separating the value of the homestead interest from the proceeds of sale, and allotting it to the complainant.

6. *Abatement of purchase-money, on account of defect in title.*—When the purchaser has gone into possession under a deed with covenants of warranty, and continues in possession, he can not resist the payment of the purchase-money on account of a defect or partial want of title, unless there was fraud in the sale, or the vendor is insolvent.

7. *Notice of vendor's lien to sub-purchaser.*—A sub-purchaser of land is chargeable with notice of an outstanding vendor's lien, when the deed to his immediate vendor shows that the purchase-money was then unpaid.

APPEAL from the City Court of Birmingham, in equity.

Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 6th February, 1888, by Fred. G. Sheppard, against Newcomb F. Thompson and J. N. Rutledge; and sought to enforce a vendor's lien for the unpaid purchase-money of land, which the complainant had sold and conveyed to said Thompson. The conveyance was dated December 13th, 1886, and contained the usual covenants of warranty; was signed by said F. G. Sheppard and his wife, and duly acknowledged by both of them, but recited that the wife "joins in this deed solely for the purpose of relinquishing her dower interest in the land hereby conveyed." The price of the land was $6,000, of which $1,500 was paid in cash, as the conveyance recited, and the purchaser's three notes taken for the residue, each for $1,500, payable one, two, and three years after date, with interest, each containing a waiver of exemptions of personal property. The first of these notes not being paid at maturity, the complainant filed his bill to enforce a vendor's lien, and asked that the cause be retained under the orders of the court until the maturity of the other notes, or his rights be otherwise protected by the decree.

The parcel of land, which the deed recited "is now occu-

[Thompson v. Sheppard.]

pied as a homestead by the grantor herein," was thus described therein: "A piece of land about one hundred feet long or wide, fronting on the Huntsville road, and extending east to the section line; it being all of the north-east quarter of the south-east quarter of the south-east quarter of the north-east quarter of section twenty-six (26), township seventeen (17) south, of range three (3) west, except a strip 114 feet wide on the north end thereof, and except a strip 150 feet on the south end thereof, heretofore sold off by the grantors herein; the same being balance of lot conveyed to the undersigned, Fred. G. Sheppard, by J. C. Prine and his wife, E. M. Prine, on the 2d June, 1884, and recorded in vol. 61, page 58." The land was thus described in the bill: "Said piece of property is bounded by the Huntsville road on the west, by the line of McCafferty on the north, by section line on the east, and by residence property of—Brown and D. T. Marable on the south; being a piece of land about 82 feet wide, and 340 feet long, more particularly described in a deed from F. G. Sheppard and wife to said N. F. Thompson, of date December 13th, 1887 (?), which is referred to; which said property, with the dwelling thereon, was occupied by complainant for a residence prior to said sale to said Thompson, and is now occupied by said Thompson as a homestead, with the exception of a portion thereof sold by said Thompson to said J. N. Rutledge, as hereinafter set forth. All of said property is near Birmingham, Ala., on what is known as the North Highlands, and is situated in the N. E. quarter of S. E. quarter of S. E. quarter of N. E. quarter of Sec. 26, T. 17, range 3 west, in said State and county."

The defendants each demurred to the bill, "because the description of said land is confused, indefinite, and incapable of identifying the land in controversy;" and because the vendor's lien was waived by the waiver of exemptions contained in the notes, as set out in the bill." The defendant Thompson insisted in his answer, and also by cross-bill, that the conveyance executed to him by the complainant "was and is utterly null and void," because it was insufficient to pass the title to the homestead, and therefore asked a rescission of the contract; further insisted that, if the contract should not be rescinded, he was entitled to an abatement of the purchase-money, on account of the defect of title, and on account of a deficiency in the quantity of the land, alleging that it contained only sixty-six front feet; and

[Thompson v. Sheppard.]

claimed compensation for a building which he had erected on the land.

The court overruled the demurrers, and, on final hearing on pleadings and proof, rendered a decree for the complainant; and this decree is assigned as error by the defendant Thompson.

MARTIN & McEACHIN, for the appellant, cited *Alford v. Lehman*, 76 Ala. 526; *Long v. Mostyn*, 65 Ala. 543; *Moses v. McClain*, 82 Ala. 374; *Dooley v. Villalonga*, 61 Ala. 129; *Bell v. Thompson*, 34 Ala. 633; *Kelly v. Allen*, 34 Ala. 669; 38 N. Y. 165; Sedg. & W. Trial of Titles to Land, § 321; Thompson on Homestead Exemptions, § 447; 2 Bibb, Ky. 410; *Winston v. Browning*, 61 Ala. 80; *Thweatt v. McLeod*, 56 Ala. 375; 5 John Ch. 174; 8 Paige, 312; 1 Story's Equity, § 144; *Lanier v. Hill*, 25 Ala. 554; *Young v. Harris*, 2 Ala. 108.

S. D. WEAKLEY, *contra*, cited *Baucum v. George*, 65 Ala. 259; *Driggers v. Cassaday*, 71 Ala. 529; *Angel v. Simpson*, *ante*, 53; *Tranum v. Wilkerson*, 81 Ala. 408; *Chambers v. Ringstaff*, 69 Ala. 140; 2 Dev. Deeds, § 1010; *Rogers v. Peebles*, 72 Ala. 529; *Winston v. Browning*, 61 Ala. 80; *Perkins v. Winter*, 7 Ala. 519; *Hess v. Cheney*, 83 Ala. 251; *Crampton v. Prince*, 83 Ala. 246; *Farley v. Whitehead*, 63 Ala. 295; *Bird v. Daniel*, 9 Ala. 302; *Helvenstein v. Higgason*, 35 Ala. 259; *Munford v. Pearce*, 70 Ala. 452; *Magee v. McMillan*, 30 Ala. 420.

CLOPTON, J.—The bill of complaint, which is filed by appellee to enforce a vendor's lien on real estate, substantially conforms to the requirement of equity pleading, that such bill shall describe the land sought to be charged with sufficient certainty and definiteness to inform the court what particular land it is asked to decree to be sold—to render it capable of identification. The particular land can be ascertained and identified by the description, as the residence of the complainant at the time of the sale and conveyance, bounded on the east by the section line, on the west by the Huntsville road, and on the north and south by the lands of other persons, being a part of a small subdivision of subdivisions of a quarter-section, the numbers of the section, township and range west being stated, and the State and county in which it is situate. This is reasonable certainty,

[Thompson v. Sheppard.]

which is all that the rule requires.—*Hurt v. Blount*, 63 Ala. 327; *Whitehead v. Lane*, 72 Ala. 39; *Gaston v. Weir*, 84 Ala. 193.

The notes taken for the deferred payments of the purchase-money contain a waiver of exemption of personal property. It is contended that taking such notes constitutes a waiver of the vendor's lien. It is well settled, that when a vendor takes the personal security of the vendee only, the equitable lien will be declared and sustained, unless waived by agreement; but, when he takes any distinct and independent security for the unpaid purchase-money, such as the personal responsibility of third persons, or a mortgage on other property, the presumption arises, that it was his intention to take such security as a substitution for the lien; which presumption will prevail, and the lien considered as waived, in the absence of an agreement for its retention. The question of waiver is one of fact, or intention. The notes recite that they are given for the unpaid purchase-money of land, which strongly evinces an intention to retain the vendor's lien, and becomes almost, if not quite conclusive, when considered in connection with the recital of the notes in the deed, as part of the consideration.—*Tedder v. Steele*, 70 Ala. 347; *Chapman v. Peebles*, 84 Ala. 283. A waiver of exemptions, specified in a note, creates no lien upon the property that would be otherwise exempt. The only effect is, to subject the exempt property to levy and sale under an execution on any judgment which may be rendered on the note, the same as other property of the debtor. Such note may enhance the personal security of the vendee, but can in no sense be regarded a distinct and independent security. The taking such note manifests rather an intention to look to the personal security of the vendee only, and is not presumptive of the waiver of the vendor's lien.—*Woodall v. Kelly*, at the present term; *ante*, 368.

The defendant Thompson, who is the original vendee, seeks by cross-bill an abatement of the purchase-money, on account of an alleged deficiency in the quantity of the land sold. The contention is, that the lot was sold by the front foot, and falls short of the number of feet represented. As to the fact whether the lot was sold by the foot, or in gross, the evidence of the parties to the transaction is in conflict. In view of this conflict, the deed must be regarded as the controlling expositor of the character of the contract. After reciting, as the consideration, three notes of fifteen hundred

dollars each, and the same amount in cash, making the aggregate sum of six thousand dollars, it describes the land as follows: "A piece of land about one hundred feet long or wide, fronting on the Huntsville road, and extending east to the section line; it being all of the north-east quarter of the south-east quarter of the south-east quarter of the north-east quarter of section twenty-six, township seventeen south, of range three west, except a strip 114 feet wide on the north end thereof, and except a strip one hundred and fifty feet on the south end thereof, being heretofore sold off by the grantors herein." Both complainant and defendant testify, that the lot was fenced at the time of the sale and conveyance the same as it was when the suit was commenced. It is described by metes and bounds, open to observation, and known to the purchaser, and the conveyance expresses a sale in gross. The statement as to quantity—"about one hundred feet long or wide"—is not an express averment or covenant as to the quantity. Such statement, as it appears in the deed, immediately followed by a description by metes and bounds, is a part of the description of the land, which will be rejected if inconsistent with the actual area. In such case, the definite description by metes and bounds controls. The claim of defendant, based on a deficiency in quantity, is not sustained by the evidence.—*Crampton v. Prince*, 83 Ala. 251; *Rogers v. Peebles*, 72 Ala. 529.

The conveyance executed by the complainant and his wife to Thompson expressly states, that the wife joined therein "solely for the purpose of relinquishing her dower interest in the land." The lot conveyed was the homestead of complainant, and the requisite certificate of the examination and acknowledgment of the wife to constitute a valid alienation of the homestead is appended to the deed. The defendant Thompson seeks also by the cross-bill a rescission of the contract of sale, and compensation for improvements, or an abatement of the purchase-money, on account of a want of title to the homestead interest. In *Long v. Mostyn*, 65 Ala. 543, the mortgage of the homestead recited, that the wife joined in the conveyance for the sole purpose of conveying whatever right of dower she had in the premises. It was held, that the conveyance affected only her right of dower, and that her signature and assent to its execution was not the voluntary signature and assent required by the constitution and the statutes to create a valid alienation of the homestead. It appears that the lot of land sold and con-

[Thompson v. Sheppard.]

veyed was largely in excess of two thousand dollars in value. Prior to the act of February 9, 1877, the statutes provided no method for carving a homestead, or its equivalent, out of property which, when reduced to its lowest practicable area, still exceeded two thousand dollars in value; a homestead thus circumstanced was without the constitutional protection, and a valid conveyance of the whole land could be made by the owner, being a married man, without the voluntary signature and assent of the wife.—*Farley v. Whitehead,* 63 Ala. 295. This defect was remedied by the act of February 9, 1877, which provides a mode for separating the homestead interest. So much of the fifteenth section of the act as is applicable and necessary to be considered in this case, is embodied in section 2538 of Code of 1886, which is as follows: "When the homestead, after being reduced to the lowest practical area, exceeds two thousand dollars in value, and the husband has aliened the same by deed, mortgage, or other conveyance, without the voluntary signature and assent of the wife, shown and acknowledged as required by law, the husband, or, if he fails to act, the wife, or, if there is no wife, or she fails to act, his minor child or children, may, by bill in equity, have the land sold, and the homestead interest separated from that of the alienee." Under the statute it has been held, that a conveyance of land thus circumstanced, by the husband, without the voluntary signature and assent of the wife, vested in the alienee no title whatever to the homestead interest, not exceeding two thousand dollars in value.—*Moses v. McClain,* 82 Ala. 270. We must, therefore, consider the decree in the court below on the theory, that the deed by complainant to Thompson is inoperative to vest any title to the homestead interest. The husband, however, can not avoid the conveyance as to the homestead interest, and take a proportionate interest in the property itself, holding it as tenant in common with the alienee, or otherwise. The right and remedy are both statutory. The statutory mode is a sale of the land by bill in equity, and the appropriation of two thousand dollars of the proceeds to the owner, in substitution of the homestead. A purchaser at such sale acquires a valid title to the homestead interest, without the voluntary signature and assent of the wife. The husband has the right, primarily, to receive the proceeds of sale; the wife can act only in the event he fails to act. A decree of sale, on a bill filed by the husband for this purpose, operates to bar any bill subsequently filed by the wife or minor children,

The deed made by complainant to Thompson is valid as to all of the land in excess of the homestead interest. When, in such case, the vendor files a bill to enforce his lien on the whole land, the court rightfully acquires jurisdiction of the subject-matter, and, having rightful jurisdiction of the subject-matter and the parties, will not undertake to do justice by piece-meal. It has authority to require the complainant to do equity, as a condition to the grant of relief, and will exert its powers to do justice between the parties; and to this end, will mould its decrees to meet the exigencies of the case, and adapt them to the mutual and adverse claims and controlling equities, having regard to the substance more than to the mere form of proceeding.—*Reese v. Kirk*, 29 Ala. 406. In order to quiet litigation, and to prevent a multiplicity of suits, the court may, on a bill filed by the husband as vendor to enforce his lien, decree a sale of the land, and award and allot to the husband two thousand dollars of the proceeds of sale as his homestead interest. It would be a vain and useless proceeding, injurious to the rights of the parties, and would render uncertain and insecure the title acquired from a judicial sale, if the court were, in such case, to abate the purchase-money by the value of the homestead interest, decree a sale of the land in excess thereof for the payment of the balance, and turn the parties round to the expense and inconvenience of another bill, to have the land re-sold, and to separate the homestead interest, when all can be accomplished in one suit. When land sold by the husband is so situated that the lowest practicable area to which it is reducible exceeds two thousand dollars in value, and the husband files a bill in equity to enforce a vendor's lien, a decree of sale of the whole land, separating from the proceeds of the sale the value of the homestead interest, is a separation of such interest from that of the alienee in substantial conformity with the statute, and protects the real and substantial rights of the parties.

Independent of this, there is another rule of equity fatal to defendant's right to the relief he seeks by his cross-bill on account of a partial want of title. He has continued in the possession and enjoyment of the land, with full knowledge of the defect in the title, from the time of his purchase, and has sold and conveyed a part of it. No fraud or misrepresentation is alleged or proved. In a case free from fraud, equity will not rescind the contract, on account of a want or defect of title, but will leave the party to his remedy

[Louisville & Nashville R. R. Co. v. Baldwin.]

at law, if the purchaser has not abandoned or restored possession, unless its retention is necessary for his reimbursement or indemnity. It has been said, "the law ought to be regarded as finally and definitely settled in this State, after the numerous decisions declaring it, that a vendee who has gone into possession under a deed with covenants of warranty, or a bond stipulating for the conveyance of title with covenants of warranty on the payment of the purchase-money, can not, unless there was fraud in the sale to him, or the vendor is insolvent, and therefore without ability to respond to his covenants, so long as he remains in possession, either at law or in equity, defend against the payment of the purchase-money."—*Strong v. Waddell*, 56 Ala. 471; *Garner v. Leverett*, 32 Ala. 410; *Woodall v. Kelly*, *supra*. The deed made by complainant to Thompson contains the usual covenants of warranty, and there is neither allegation nor proof of fraud, or of the insolvency of the vendor.

The defendant, Rutledge, who is a sub-vendee of a part of the land, is not an innocent purchaser. He is charged with notice of whatever appears on the face of the deed to his vendor, through which he makes out his title. The deed to his vendor shows on its face that the purchase-money is unpaid, and is an integral part of his own title.—*Witter v. Dudley*, 42 Ala. 616.

There is no error in the decree, of which appellants can complain.

Affirmed.