# Meeks *v.* Garner.

*Bill in Equity to enforce Vendor's Lien on Land; Cross-Bill for Rescission of Contract.*

1. *Misrepresentations of vendor, as fraud; equitable relief against.*—A misrepresentation by the vendor of a material fact in relation to his title to the land, the falsity of which was unknown to the purchaser, and could not have been ascertained by reasonable diligence, is a fraud against which a court of equity will grant relief; but, where there is no fraud, and the vendor is not insolvent, the purchaser must rely on his covenants of warranty, and can not refuse to pay the purchase-money while retaining the possession of the land.

2. *Same.*—When the purchaser was induced to enter into the contract by the vendor's fraudulent misrepresentations in a material matter affecting the validity of his title, he may claim a rescission notwithstanding the subsequent acquisition by the vendor of a good and valid title; but a mere defect in the title, no fraud being practiced, will not support a bill for rescission, if it is removed at any time before the hearing.

3. *Same.*—Where the purchasers sought a rescission on account of fraudulent representations by the vendor as to his title, as follows, "that his title to said property was perfect and good; that he owned the property in fee simple, had a good right to sell it, and could convey a good title to them; that he had always owned the land, and had a patent from the Government for it; that the title had always been in him, and he had always refused to sell it:" *Held*, that a rescission would not be granted on evidence showing that he had executed a conveyance of the land to his son in law more than twenty years before, and that said grantee had brought an action at law against them to recover the possession; when it is also shown that said conveyance was never acknowledged, proved, or filed for record until after a bill was filed to enforce a vendor's lien, to which they filed a cross-bill asking a rescission; that the vendor had always continued in possession under claim of ownership, and had never delivered possession to said grantee; and that the action at law was dismissed, and a quit-claim deed executed to him by said grantee, before the hearing of the case.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. McSPADDEN.

The original bill in this case was filed on the 26th March, 1888, by Joseph Garner and W. J. Hertzberg, against W. M. Meeks and others; and sought to enforce a vendor's lien on a tract of land, which Garner had sold to said Meeks, acting as trustee for himself and his co-respondents. The contract of

[Meeks v. Garner.]

sale was made on the 9th March, 1887, and was consummated by a conveyance executed by Garner to Meeks as trustee. The stipulated price of the land was $10,000, of which $2,500 was paid in cash, and the purchasers' note for $7,500, payable March 9th, 1888, given for the residue; and the bill sought to enforce the payment of this note as a lien on the land. Garner afterwards bought from W. J. Hertzberg another tract of land, and transferred to him, in payment of the agreed price, an interest in said note to the extent of $2,000; and hence said Hertzberg was joined as a complainant in the bill.

The defendants answered jointly, and also filed a cross-bill, asking a rescission of the contract on the ground of fraudulent representations by Garner as to the nature and quality of his title to the land, whereby respondents were induced to enter into the contract, and were deceived and injured. The representations alleged to have been made by Garner, as to his title to the land, are copied in the opinion of the court. As showing the falsity and fraud of these representations, the cross-bill alleged that in July, 1865, Garner had conveyed the land by deed to one B. C. Garrison, who was his son in law; that Garrison had lately had the conveyance recorded, and had brought an action at law against said purchasers, Meeks and his associates, to recover the possession of the land; that they had bought the land for the purpose of dividing and selling it out in town lots, the tract lying near Gadsden; and that they had been prevented from carrying out their purpose by said incumbrance on the title and said pending suit. Garner filed an answer to the cross-bill, admitting that he knew, at the time of his sale and conveyance to Meeks as trustee, that he had at one time executed to Garrison a paper purporting to be a conveyance of said land, but denied that it had any validity or legal effect, and alleged that it was without consideration, and was executed in contemplation of taking the benefit of the Bankrupt Law; that his purpose failed, and he was compelled to account to his creditor for the land; that the deed was never acknowledged or proved, and was never filed for record until after the sale of the land to the defendants in this case; that he had always continued in possession of the land, under claim of ownership; that this fact was known to Garrison, who never asserted any hostile claim under said alleged conveyance; and that the action at law had been dismissed.

On final hearing on pleadings and proof, the chancellor dismissed the cross-bill, and rendered a decree for the complainants under the original bill; and this decree is here assigned as error.

[Meeks v. Garner.]

A. E. GOODHUE, for appellants.—The appellants seek by their cross-bill, not an abatement of the purchase-money, but a rescission of the contract, on the ground of fraudulent representations and concealments as to the vendor's title to the land. He represented, not only that he had a good title to the land, but that he had a title from the Government, and had never parted with it; yet he admits, in his answer to the cross-bill, that he knew he had once conveyed it by deed to Garrison, his son in law, and seeks to avoid that deed by alleging that it was an attempt to defraud his creditors, and that he has since acquired a good title by adverse possession and the statute of limitations. A misrepresentation by the vendor, as to a material fact affecting his title, is a fraud; and his concealment of a material fact, or his failure to state it though known to him, is equally a fraud, and entitles the purchaser to a rescission. In transactions between vendor and purchaser, the law requires *uberrima fides*, and the failure to exercise it is a fraud, against which a court of equity will grant relief. A patent from the United States is a perfect title, and requires a purchaser from the patentee to protect himself only against subsequent incumbrances. A title acquired by adverse possession, against a grantee holding under an unrecorded deed, rests in parol, and is dependent on the uncertain memory of witnesses; and when its invalidity can only be established by the testimony of the parties implicated in the transaction, acknowledging their own fraud, no prudent man would become a purchaser of the property, and no lawyer would advise a purchase. That the representation or concealment was as to a material fact, is shown by the failure of the purchasers' enterprise, since the litigation and the cloud on the title has prevented them from effecting the sale of any lots. If the purchasers were asking an abatement of the purchase-money, or were suing for a breach of the covenants of warranty, the subsequent acquisition of title by Garner might affect the amount of their recovery; but this case is governed by different principles.

The appellants cite and rely on the following cases: *Young v. Harris,* 2 Ala. 108; *Cullum v. Br. Bank,* 4 Ala. 22; *Garner & Neville v. Leverett,* 32 Ala. 412; *Lanier v. Hill,* 25 Ala. 554; *Bailey v. Jordan,* 32 Ala. 50; *Bryant v. Boothe,* 30 Ala. 311; *Reese v. Kirk,* 29 Ala. 406; *Lindsay v. Veasy,* 62 Ala. 421; *Crown v. Carriger,* 66 Ala. 590; *Thweatt v. McLeod,* 56 Ala. 375; *Baptiste v. Peters,* 51 Ala. 158; *Doggett v. Emerson,* 3 Story, C. C. 700; Cooper's Sel. Cases, 308; 1 Sugden on Vendors, 6; *Turner v. McDonald,* 76 Cal. 177; *Alvarez v. Brannon,* 68 Amer. Dec. 275; *Rimer v. Duggan,* 77 Amer. Dec. 687; *Brown v. Manning,* 74 *Ib.* 737.

[Meeks v. Garner.]

DORTCH & MARTIN, *contra*, cited 2 Pom. Equity, § 882; 82 Ala. 292.

COLEMAN, J.—The bill was filed by appellees to enforce a vendor's lien. The respondents answered,· and by way of cross-bill prayed for a rescission of the sale, upon the grounds that complainants' title was defective at the time of the sale, and for fraudulent representations as to the title. The fraudulent representations relied upon are, " that his title to said property was perfect and good; that he, the said Garner, owned the property in fee simple; that he had a good right to sell the same, and could convey a good title to respondents; that he had always owned the land; that he had a patent from the Government for the same; that the title had always been in him, and that he had always refused to sell it."

It is not denied that, after the bill was filed, and before final hearing, all defects had been removed from complainant's title. The defect in complainant's title consisted in a deed of conveyance by complainant Garner to his son-in-law, B. C. Garrison, dated July 26th, 1865, of the same lands. This deed to Garrison had never been acknowledged, or proven, or filed for record until the 21st February, 1888, after this bill was filed; and no claim or rights under this deed of conveyance were ever at any time asserted by Garrison to the property thereby conveyed, until after the sale by complainant Garner to respondents.

"Where one, by the fraudulent representation of another, in relation to material facts concerning the title to land, the falsehood of which he had not the means of ascertaining, and could not have ascertained by reasonable diligence, is induced to invest his money in the purchase of the land, he can have relief in chancery before an eviction, and without abandoning possession."— *Young v. Harris*, 2 Ala. 111. This authority has been followed in many others, and it is now the settled law of this State, that a false representation of a "material," "substantial" fact in regard to his title to land made by the vendor, and by which the purchaser was misled, and upon which he acted, and had a right to rely, can have relief in a court of chancery, without abandoning possession; and it is immaterial that the vendor made the misrepresentation believing it to be true.— *Cullum v. Br. Bank*, 4 Ala. 35; *Lanier v. Hill*, 25 Ala. 558; *Bryant v. Boothe*, 30 Ala. 314; *Bailey v. Jordan*, 32 Ala. 50; *Ib.* 412; *Thompson v. Sheppard*, 85 Ala. 618; 29 Ala. 452. If there be no fraud, however, and the vendor is not insolvent, the purchaser can not retain possession of the land, and refuse to pay the purchase-money. In

[Meeks v. Garner.]

such case, he must rely upon his covenants of warranty. 85 Ala. 618, *supra; Woodall v. Kelly, Ib.* 374, and authorities cited; 56 Ala. 555.

"A perfect title is one that is good and valid beyond reasonable doubt, and should include both legal and equitable titles— such a title as should be free from litigation, palpable defects, and grave doubts."— *Turner v. McDonald,* 76 Amer. Dec. 180. Free from litigation evidently means such litigation as may be based upon questions and claims of grave doubt, and about which competent persons might differ.

Upon a bill filed by a vendee for the rescission of an executed or executory agreement for the sale of land, because of a defect in the title, no fraud having been practiced by the vendor, it will be a sufficient answer if the vendor can show that he had a valid and legal title at the time it was agreed the title should be made, or at the hearing of the cause, although the title may have been defective at the date of the agreement; but, if the agreement was effected by the fraudulent misrepresentations of the vendor in a material matter touching the validity of his title, the vendee may elect to rescind or ratify the agreement, notwithstanding the vendor may have subsequently acquired a good and valid title.—*Alvarez v. Brannon,* 68 Amer. Dec. 275; *Winne v. Reynolds,* 6 Paige Ch. 411; *Brame v. Hall,* 5 Paige, 241-2; *Clements v. Loggins,* 2 Ala. 518-19; *Evans v. Bolling,* 5 Ala. 551; *Teague v. Woods,* 59 Ala. 370; *Hickson v. Lingold,* 47 Ala. 449.

All the authorities hold that the false and fraudulent misrepresentations must be of "material," "substantial" facts (*John. v. Peters,* 74 Ala. 90; *Sledge v. Scott,* 56 Ala. 206; *Crown v. Carriger,* 66 Ala. 592; 29 Ala., *supra*), and damage must have resulted from the fraud. It is proven that Garrison never had possession of the land, under his deed; that it had never been proven, or acknowledged, or recorded before the sale and purchase, and the purchaser had no notice of its existence, or knowledge of facts calculated to excite suspicion that such a deed was in existence. As against the title of the purchaser, the deed was wholly inoperative. See *Chandler v. Tardy,* 58 Ala. 150.

The evidence establishes the fact that Garner had been in the uninterrupted, open and notorious adverse possession of the land, claiming and holding it as his own, for over seventeen years since the date and delivery of the deed to Garrison, and during all that time Garrison had asserted no claim, interest, or title in the land. Under such a state of facts, Garner's title in law was perfect as against any claim by Garrison, and such was the title conveyed by him to his vendees.

[Craft & Co. v. Louisvllle & Nashville Railroad Co.]

A title of this character was a full compliance with the covenants of warranty expressed or implied in his deed of conveyance. Whether he "had always owned the lands, and had never parted with them," was true or not, did not and could not have in any manner made his title the less perfect. A material inquiry is, was the title free from "grave doubts?" Was there ground for difference of opinion with persons competent to judge? Did the title fully protect the purchaser in the property conveyed? Could the deed to Garrison involve the purchasers in loss, unless they passively submitted, or connived at the assertion of his claim?

A vendor can not be held responsible for a fraudulent misrepresentation as to his title, simply because third parties engage in blackmailing or malicious litigation with his vendee, or because others, not competent to judge of the title, refuse to purchase from the vendee.

There is no error of which appellants can complain.

Affirmed.